KENNETH E. RAYNOR, APPELLANT, V. NORTHWESTERN NATIONAL BANK OF SIOUX CITY, IOWA, A CORPORATION, APPELLEE.

317 N.W.2d 786

Filed April 2, 1982. No. 43966.

Leamer Law Office, for appellant.

Michael W. Ellwanger and William S. Rawlings of Kindig, Beebe, Rawlings, Nieland & Killinger, for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, WHITE, HASTINGS, and CAPORALE, JJ., and BRODKEY, J., Retired.

BOSLAUGH, J.

The plaintiff is a beneficiary of a testamentary trust established by his deceased wife, Regina J. Raynor. He brought this action in the county court of Dakota County, Nebraska, to compel the trustee to increase the monthly payment he receives from the trust for support and maintenance.

The trustee, who was named in the will of the deceased, is the Northwestern National Bank of Sioux City, Iowa. It filed a special appearance alleging that the situs of the trust was in Iowa and that the Nebraska court had no jurisdiction over it. The county court sustained the special appearance and dismissed the action. The plaintiff appeals from the judgment of the District Court affirming the judgment of the county court.

In support of his theory that the Nebraska court had jurisdiction of the trustee, the plaintiff seems to rely upon a theory of "acceptance" under Neb. Rev. Stat. § 30-2804 (Reissue 1979) or lack of reciprocity under Neb. Rev. Stat. § 30-2808 (Reissue 1979). The plaintiff made no attempt to plead or present the law of Iowa.

The record shows that the testatrix was a resident of Nebraska at the time of her death on September 24, 1977. Her will was admitted to probate and her estate administered in the county court of Dakota County, Nebraska. On December 8, 1978, the bank as trustee filed a receipt in the county court acknowledging receipt of the assets of the trust. On December 13, 1978, a petition was filed in the District Court of Plymouth County, Iowa, requesting the appointment of the bank as trustee. On December 15, the bank was appointed trustee by the Iowa court.

The inventory filed in the Iowa court shows that the assets of the trust consist of a 40-acre tract of land in Plymouth County, Iowa, two contracts for the sale of Iowa land, and other personal property. The other beneficiaries of the trust are the children of the deceased. All of the beneficiaries of the trust, except one child who lives in Iowa, are residents of Nebraska.

It is undisputed that the principal place of business of the trustee is in Iowa and that the principal place of administration of the trust is in Iowa. The trustee was appointed by the District Court for Plymouth County, Iowa, the county in which the real property, which is a part of the assets of the trust, is located.

The Nebraska Probate Code sets out two methods by which Nebraska courts may obtain jurisdiction over a trustee. Neb. Rev. Stat. § 30-2803 (Reissue 1979) provides: "By registering a trust, or accepting the trusteeship of a registered trust, the trustee submits personally to the jurisdiction of the court in any proceeding under section 30-2806 of this code . . . ." As regards registration, Neb. Rev. Stat. § 30-2801 (Reissue 1979) permits (but does not require) registration of "the trust in the court of this state at the principal place of administration. Unless otherwise designated in the trust instrument, the principal place of administration of a trust is the trustee's usual place of business where the records pertaining to the trust are kept . . . ." Both of the lower courts found that the principal place of administration of the trust was in Iowa.

The other section of the Nebraska Probate Code which provides for personal jurisdiction over a trustee is § 30-2804: "By accepting the trusteeship of a trust of which the principal place of administration is in this state, or by moving the principal place of administration of a trust to this state, the trustee submits personally to the jurisdiction of the courts of

this state in any proceeding under section 30-2806 . . . ."

None of these provisions provide a method by which the Nebraska courts may obtain jurisdiction over the person of the defendant trustee. The trust was not and could not have been registered in Nebraska, since its principal place of administration is in Iowa. And since the principal place of administration of the trust is in Iowa, personal jurisdiction over the trustee could not be obtained by virtue of § 30-2804.

Section 30-2808 provides in part: "The court will not, over the objection of a party, entertain proceedings under section 30-2806 involving a trust registered or having its principal place of administration in another state, unless (1) when [sic] all appropriate parties could not be bound by litigation in the courts of the state where the trust is registered or has its principal place of administration or (2) when [sic] the interests of justice otherwise would seriously be impaired if the laws of the state in which the trust is registered or has its principal place of administration grant a similar protection to trusts registered or having their principal place of administration in this state." This provision, standing alone, does not provide a method to obtain jurisdiction over the trust.

Section 30-2808, by its terms, assumes jurisdiction already exists. It refers to certain situations in which the court *will* entertain proceedings under Neb. Rev. Stat. § 30-2806 (Reissue 1979) involving a foreign trust over the objection of a party. In order to entertain proceedings, the court must first have obtained jurisdiction over the parties and the subject matter by virtue of some other statutory provision.

Section 30-2808 is a venue provision which, as stated in the comment to the section, "employs the concept of forum non conveniens to center litigation involving the trustee and beneficiaries at the princi-

pal place of administration of the trust . . . ."

There are no provisions of the Nebraska Probate Code which would permit the Nebraska courts to obtain personal jurisdiction over the trustee. The defendant's special appearance was properly sustained and the judgment of the District Court affirming the decree of the county court is affirmed.

AFFIRMED.

WHITE, J., concurs in the result.