**FIRST AMERICAN BANK OF VIRGINIA, n/a, Residuary Trustee u/w of Robert C. Anderson, Deceased, Appellant–Respondent,**

v.

**Robyn Jo REILLY a/k/a Robyn A. Reilly, Appellee–Petitioner.**

**No. 49A02–8907–CV–362.[1]**

Court of Appeals of Indiana, First District.

Nov. 29, 1990.

---

1. This case has been diverted from the Second District by direction of the Chief Judge.

Stephen E. Arthur, Michael A. Trentadue, Bose McKinney & Evans, Indianapolis, for appellant-respondent.

Theodore R. Dann, Jeffrey A. Hearn, Dann Pecar Newman Talesnick & Kleiman, Professional Corp., Indianapolis, for appellee-petitioner.

ROBERTSON, Judge.

We must decide in this appeal whether the probate of a domiciliary's will through which certain assets have passed into trust and/or the acceptance of those trust assets by a nonresident bank constitutes a sufficient association with the State of Indiana to empower the courts of this state to constitutionally exercise jurisdiction. An Indiana probate court determined that it had the power to enter a decree affecting the trust assets and the nonresident trustee's interest in them. We cannot agree; accordingly, we reverse.

The facts critical to a determination of jurisdiction are not in dispute. Robert C. Anderson executed the will which is the subject of this controversy while a resident of the Commonwealth of Virginia. Article III of the will, which was prepared by a Virginia attorney, created a trust through which Mr. Anderson's residuary estate would pass. The will provided that the trustee would be granted those powers set forth and conferred by section 64.1–57 of the Code of Virginia, and named the appellant, First American Bank, as trustee.

Mr. Anderson died on August 20, 1983, a resident of Marion County, Indiana. Mr. Anderson's will was admitted to probate on August 25, 1983 in Marion County. The bank declined appointment as executor on September 6, 1983.[2] Thereafter, Mr. Anderson's daughter, appellee Robyn Jo Reilly, became co-administratrix.

The co-administratrices transferred the residuary estate of Mr. Anderson consisting of $199,460.25 in cash to the Bank, which had qualified in Virginia as trustee, by three separate transfers, pursuant to the final decree of the probate court entered December 26, 1984, and Article III of the Anderson will. The transfers occurred between January, 1985 and January, 1986. None of the trust assets have since been

---

2. Ms. Reilly concedes that this contact of itself is constitutionally insignificant. (B. 18).

maintained, located or distributed in Indiana.

Ms. Reilly, the life beneficiary, resides in Eaton Town, New Jersey with her descendant, minor child, Jessica, a potential remainderperson.

First American Bank is a state bank organized under the laws of Virginia, with its principal place of business in McLean, Virginia. First American Bank is not registered to do business in Indiana, and does not transact business in Indiana. The Bank did not appear or participate as a party in the probate proceedings.

Approximately three years after the final transfer of the residuary estate into trust, Ms. Reilly filed a petition with the Marion Superior Court, Probate Division, seeking a declaration that the trust created by Article III of Mr. Anderson's will was null and void because it violated the Indiana statute against perpetuities and the statute against unreasonable accumulations. A similar declaration was sought by Ms. Reilly in an action pending in Virginia in which the Bank sought a determination of the proper termination date of the trust and Ms. Reilly's rights as life beneficiary. Ms. Reilly did not contest the Virginia court's jurisdiction in that proceeding. The Marion probate court denied the Bank's motion to dismiss which raised the absence of personal and subject matter jurisdiction, and the doctrine of forum non-conveniens.

■■■ The parties agree that the Bank as trustee is an indispensable party to this litigation for any judgment affecting the res necessarily affects the interests of persons in the thing, *Shaffer v. Heitner* (1977), 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683, and the trustee holds legal title to the trust assets. Whether based upon the trustee's affiliation with the state through property ownership, or some other type of contact, all assertions of state-court jurisdiction must be evaluated according to the standards set forth in *International Shoe Co. v. Washington* (1945), 326 U.S.

310, 66 S.Ct. 154, 90 L.Ed. 95 and its progeny. *Id.* 433 U.S. at 208, 218, 97 S.Ct. at 2581–82, 2587.[3] The validity of an assertion of jurisdiction over a non-consenting defendant who is not present in the forum depends upon whether the quality and nature of its activity in relation to the forum renders an exercise of jurisdiction consistent with "traditional notions of fair play and substantial justice." *Burnham v. Superior Court of California* (1990), — U.S. ——, 110 S.Ct. 2105, 2114, 109 L.Ed.2d 631 (citing *International Shoe Co.*, 326 U.S. at 316, 66 S.Ct. at 158).

■■■ Hence, a nonresident trustee may not be called upon to defend in this or any other state unless it has had the litigation related "minimal contacts" with the state that are a prerequisite to its exercise of power over it. *Hanson v. Denckla* (1958), 357 U.S. 235, 251, 78 S.Ct. 1228, 1238–39, 2 L.Ed.2d 1283. A state does not acquire such contacts by being the center of gravity of the controversy or by being the most convenient location for litigation. Rather, jurisdiction is resolved by considering the acts of the trustee. It is essential that there be some act by which the trustee purposefully avails itself of the privilege of conducting activities within this state, thus invoking the benefits and protections of our laws. *Denckla*, 357 U.S. at 253, 78 S.Ct. at 1239–40 (citing *International Shoe*, 326 U.S. 310, 319, 66 S.Ct. 154, 159–60). The "purposeful availment" requirement ensures that a defendant will not be haled into a jurisdiction solely on the basis of random, fortuitous or attenuated contacts or the unilateral activity of another party or a third person who claims some relationship with him. *Burger King v. Rudzewicz* (1985), 471 U.S. 462, 472–73, 105 S.Ct. 2174, 2181–83, 85 L.Ed.2d 528.

■■■ As in *Denckla*, the suit in the present case cannot be said to have arisen either from a privilege the trustee purposefully exercised in Indiana or a transaction consummated in this state. The First American Bank of Virginia transacts no

---

**3.** Indiana's long arm statute permits the exercise of jurisdiction over non-residents to the extent allowed by the Due Process Clause. *Suyemasa v. Myers* (1981), Ind.App., 420 N.E.2d 1334, 1340.

business here. It has no offices in Indiana. None of its agents appeared or acquiesced in an exercise of jurisdiction during the probate proceedings. The trust assets have never been held or administered in this state. The trust document itself was not created here.

True, in administering Mr. Anderson's estate, Ms. Reilly solicited the Bank's consent to act as trustee and the Bank agreed to the appointment. But for jurisdictional purposes, the Bank's acceptance is qualitatively no different than the execution of the power of appointment by Mrs. Donner while domiciled in Florida in *Denckla,* the acceptance of positions as officers or directors in *Shaffer,* or the reception of purchases, training or checks drawn on a Texas bank by Helicol in *Helicopteros Nacionales De Colombia v. Hall* (1984), 466 U.S. 408, 417–18, 104 S.Ct. 1868, 1873–74, 80 L.Ed.2d 404. The retention of First American as trustee is not at issue. The Bank's agreement to act as trustee, without a showing of any pre-existing involvement or a continuing connection with the state such as administrative oversight of the trust [4], simply does not evince the kind of deliberate contact required of First American. *See Burger King Corp. v. Rudzewicz* (1985), 471 U.S. 462, 479–80, 105 S.Ct. 2174, 2185–86, 85 L.Ed.2d 528 (contract with out-of-state party by itself not automatically sufficient "minimum contacts" in other party's home forum).

Neither has First American's lack of personal affiliation with this state been enhanced by the fact Mr. Anderson died in Indiana, leaving assets which eventually passed into the trust. Amenability to suit does not travel with a chattel. *World–Wide Volkswagen Corp. v. Woodson* (1980), 444 U.S. 286, 296, 100 S.Ct. 559, 566–67, 62 L.Ed.2d 490. If it did, Ms. Reilly could confer jurisdiction on an Indiana probate court simply by returning to this jurisdiction and bringing her intangible property including the trust obligation in her favor, with her. Yet, such a mechanical rule was abandoned in *Shaffer,* and the

Supreme Court refused to adopt an analogous rule in *World–Wide Volkswagen* where the sole contact with Oklahoma, the forum state, was the fortuitous circumstance that a single Audi suffered an accident while passing through Oklahoma.

Ms. Reilly cites *In the Matter of Casey* (1988), 145 A.D.2d 632, 536 N.Y.S.2d 158 in support of her contention that the trial court constitutionally acquired jurisdiction over the Bank. But, as the Bank argues, that case is factually distinguishable in that the trustee's receipt of the trust funds was the basis of a proceeding to recover trust monies the distribution of which had been fraudulently induced and actively solicited to facilitate a real estate transaction.

Certainly, Indiana has an interest in ensuring a just distribution of its citizens' assets. But even if this state has a strong interest in applying its law to the controversy, the Due Process Clause, as an instrument of interstate federalism, may act to divest Indiana courts of the power to render a valid judgment. *World–Wide Volkswagen Corp.,* 444 U.S. at 295, 100 S.Ct. at 566. The Due Process Clause does not contemplate that a state may make binding a judgment in personam against an individual or corporate defendant with which the state has no contacts, ties, or relations. *International Shoe,* 326 U.S. at 319, 66 S.Ct. at 159–60; *Woodson,* 444 U.S. at 295, 100 S.Ct. at 566.

None of the contacts identified by Ms. Reilly can be said to have proximately resulted from actions of the trustee that create a substantial connection with the state of Indiana. *Burger King,* 471 U.S. at 476, 105 S.Ct. at 2184. Consequently, First American Bank does not have the sufficient minimum contacts necessary for an exercise of in personam jurisdiction.

■ At the time the Indiana probate court had jurisdiction over Mr. Anderson's estate, it did not have personal jurisdiction over First Virginia. Title did not vest in First American as trustee until the trust

---

**4.** A probate court has continuing jurisdiction to supervise the administration of the trust only if the settlor expressly directs in the terms of the trust that the court is to have jurisdiction. IND. CODE 30–4–6–2.

estate was delivered to it in Virginia, *Bailey v. Bailey* (1968), 142 Ind.App. 119, 129, 232 N.E.2d 372, 378; *Snouffer v. Peoples Trust & Savings Co.* (1966), 140 Ind.App. 491, 498, 212 N.E.2d 165, 171, *trans. denied,* beginning about a month after the final decree of the probate court. A probate decree of the state where a decedent was domiciled cannot have an in rem effect on personalty outside the forum state that could render the decree conclusive on the interests of nonresidents over whom the court has not acquired personal jurisdiction. *Denckla,* 357 U.S. at 250, 78 S.Ct. at 1237-38.

For the foregoing reasons, we conclude the trial court erred in its determination that it had the requisite jurisdiction to construe the trust. Accordingly, Ms. Reilly's action should be dismissed.

Interlocutory order reversed.

RATLIFF, C.J., and SHIELDS, P.J., concur.