**In re the Matter of the Marvine W. ALFORD TRUST,**

**Joseph and Sarah Rogers, Appellants–Petitioners,**

v.

**J. Robert Lyons, as Trustee of the Marvine W. Alford Trust, Appellee–Respondent.**

**No. 49A02–0805–CV–413.**

Court of Appeals of Indiana.

Dec. 11, 2008.

Nathan S.J. Williams, Shambaugh, Kast, Beck & Williams, Fort Wayne, IN, Attorney for Appellants.

Michael Rosiello, Barnes & Thornburg, Indianapolis, IN, Attorney for Appellee.

## OPINION

BAKER, Chief Judge.

Today we are confronted with an issue of first impression in Indiana: Did the trial court properly dismiss a petition to remove a trustee and compel an accounting for lack of subject matter jurisdiction when the settlor's will and trust documents provided that the trust was to be administered in accordance with the laws of Virginia?

Appellants-petitioners Joseph and Sarah Rogers (the Rogerses) appeal the trial court's dismissal of their petition to remove appellee-respondent J. Robert Lyons as trustee of the Marvine W. Alford Trust (Alford Trust). Specifically, the Rogerses argue that the trial court erroneously determined that it lacked jurisdiction to consider the merits of their petition because the evidence established that Lyons, although a Virginia resident, made distributions from the Alford Trust to beneficiaries who are Indiana residents. Concluding that the trial court properly dismissed the Rogerses' petition, we affirm.

## FACTS

The Rogerses are the guardians of Shirley Rogers, and all three reside at the same Lafayette residence. Shirley is a granddaughter of the late Marvine W. Alford, and Lyons is Alford's son. Alford also had a daughter, Marvine Mae Rogers (Marvine Mae).

At some point, Alford created a trust and appointed Lyons, who resides in Alexandria, Virginia, as the trustee. Although Marvine Mae and Lyons were both named as beneficiaries under the Alford Trust, Lyons's interest was distributed to him and was not held in trust:

*Division of Principal.* The Trustee shall divide the trust principal into two equal parts, so that there is one share for my daughter, MARVINE MAE ROGERS, and her descendants, and one share for my son, J. ROBERT LYONS. . . .

After this division of Trust principal into equal parts, the share which has been allocated to my son, J. ROBERTS LYONS, or to his then-living children, shall be immediately distributed. The remaining share held for my daughter, MARVINE MAE ROGERS, and/or her descendants shall be held, administered,

and finally distributed in accordance with the terms and conditions of this Trust.

*Id.* at 30. The trust instrument also provided that the Alford Trust was to be administered for the benefit of Marvine Mae's two children, Adam and Shirley, upon Marvine Mae's death. Alford provided in her will that no court would have supervisory jurisdiction over the trust, and that Lyons was not obligated to provide an accounting to any court:

The powers, discretionary and otherwise, herein given to my Trustee shall be had and exercised without application to or approval by any Court. The Trust shall be relieved from the necessity of docketing any Trust created under this will, or from making an accounting of his activities as such trustee to or in any court.

Appellants' App. p. 32–33.

During Marvine Mae's lifetime, Lyons made distributions to Marvine Mae and her children in accordance with the following provisions:

*Income to Beneficiary.* [T]he net income and principal of the Trust shall be held by the Trustee and used in his sole and absolute discretion for the benefit of my daughter and her children as my Trustee in his sole discretion shall determine, primarily for the medical care, comfortable maintenance, welfare and education of my daughter and her children, taking into consideration any other income or resources of my daughter and her children. If the income is determined to be in excess of the amount required to benefit my daughter and her children, the Trustee may accumulate and add the excess to the Trust principal.

Applications and utilizations of income and principal to and for the benefit of

my daughter and her children shall be in the sole and absolute discretion of the Trustee. The Trustee shall take into consideration the income and other assets of each beneficiary, the amount of income and other assets of each beneficiary, the capability of each beneficiary, the amount of income and principal of the Trust, the need of each beneficiary and all other relevant factors. All discretionary decisions shall be inclusive and binding upon all beneficiaries. No beneficiary shall voluntarily create a need and thereby require an exercise of discretion by the Trustee.

*Id.*

Alford was a resident of Marion County at the time of her death on August 30, 1991. Thereafter, the Marion Superior Court appointed Lyons as personal representative of Alford's estate. On December 29, 1992, the estate was closed and Lyons was discharged as personal representative.

Lyons has administered the Alford Trust exclusively in Virginia since it was funded in 1991. All of the books, records, assets, and accounts of the trust have been maintained in Virginia. Moreover, the only state tax returns filed by the Alford Trust have been in Virginia, where income and property taxes have been paid.

Marvine Mae, a resident of Huntington County, Indiana, died on March 7, 2005. Following her death, Lyons administered the Alford Trust as a "single pot" trust for Adam and Shirley under the following provision:

*Ultimate Distribution of Principal.* The balance of the Trust principal shall be distributed when my daughter reaches the age of sixty-five (65) years, at which time it shall be entirely distributed to my daughter, MARVINE MAE ROGERS.

If my daughter dies prior to the age of sixty-five (65) years, then the balance of the Trust principal shall remain in trust for her living children, until her youngest child reaches the age of twenty-one (21) years. At that time, the balance of the Trust principal shall be distributed in equal shares to her then-living children.

*Id.* at 30–31.

At some point, the Rogerses requested Lyons to provide them with a copy of the will, the Alford Trust instrument, and a current statement of accounts. In April and August 2007, Lyons either declined or ignored those requests. Thereafter, on October 30, 2007, the Rogerses filed a petition in the trial court, requesting that Lyons be removed as trustee of the Alford Trust. The Rogerses alleged that Lyons "failed to satisfy the clear and fundamental duty of a trustee to provide information regarding the administration of the Trust." *Id.* at 7. The Rogerses were also "concerned that Lyons may abuse [his discretion in making distributions under the Trust]" and sought an accounting and an award of attorney fees. *Id.* Lyons ultimately gave a copy of the will to the Rogerses and provided a complete listing of disbursements from the Alford Trust since 1992.

On March 26, 2008, Lyons filed a motion to dismiss the Rogerses' petition for lack of subject matter jurisdiction pursuant to Indiana Trial Rule 12(b)(1). Specifically, Lyons asserted that the trial court was without jurisdiction over the trust because:

(1) Marvine W. Alford named her son Lyons, a domiciliary of Virginia, as sole trustee of the Trust; (2) all Trust assets have always been located in Virginia; (3) Lyons has been continuously domiciled in Virginia since the inception of the Trust; and (4) Indiana courts do not

have continuing supervisory authority over the Trust.

*Id.* at 12.

Following a hearing on April 14, 2008, the trial court granted Lyons's motion to dismiss the petition without prejudice. The Rogerses now appeal.[1]

### DISCUSSION AND DECISION

The Rogerses contend that the trial court erred in dismissing their petition because the evidence demonstrates that they have not challenged the terms or provisions of the Alford Trust instrument. The Rogerses argue that the trial court should exercise jurisdiction over this matter because their action, instead, seeks to hold Lyons personally responsible for failing to meet his duties as trustee. Therefore, the Rogerses maintain that their action is a proceeding in personam and that Lyons's actions and contacts in Indiana warrant the trial court's exercise of jurisdiction over him.

### I. Standard of Review

The standard of appellate review for a motion to dismiss for lack of subject matter jurisdiction depends upon what occurred in the trial court. *GKN Co. v. Magness,* 744 N.E.2d 397, 401 (Ind.2001). The Court held in *GKN* that the standard of review is dependent upon "(i) whether the trial court resolved disputed facts; and (ii) if the trial court resolved disputed facts, whether it conducted an evidentiary hearing or ruled on a 'paper record.'" *Id.* Here, the facts before the trial court were not in dispute, and the question of subject matter jurisdiction is purely one of law. *See id.* Consequently, our review is de novo. *M–Plan, Inc. v. Ind. Comprehen-*

*sive Health Ins. Ass'n,* 809 N.E.2d 834, 837 (Ind.2004).

### II. The Rogerses' Claims

In addressing the Rogerses' claim that the trial court erred in granting Lyons's motion to dismiss, we turn first to the provisions of comment (f) to Section 199 Restatement (Second) of Trusts, which addresses the equitable remedies of beneficiaries:

> A beneficiary may pursue the remedies enumerated in the court which has jurisdiction over the administration of the trust. ... If the proceeding is in personam, the court must have jurisdiction over the trustee personally.

(Emphasis added).

In light of this provision, the Rogerses contend that a trustee may be sued by a beneficiary in any jurisdiction where the trustee merely has minimum contacts—and those minimum contacts can be premised on the payment of trust income or assets to the beneficiary in the forum state. However, in the common situation where beneficiaries reside in multiple states, the trustee would be subject to an action in every such state, which could easily lead to different jurisdictions litigating a trust dispute, resulting in competing judgments and "inconsistent results." *See Saler v. Irick,* 800 N.E.2d 960, 970 (Ind.Ct. App.2003) (holding that Indiana courts could proceed in a probate dispute in part because the personal representative and one of the estate beneficiaries could otherwise "be forced to litigate this action in three separate states"). Similarly, in accordance with Restatement of Conflict of Laws, section 299, comment A:

> A testamentary trust of movables is administered by the trustee according to

---

1. On August 7, 2008, the Rogerses filed a motion with this court to "Verify Facts Outside of Record on Appeal." That motion was filed after the entry of the trial court's order that is the subject of this appeal. We now deny that motion.

the law of the state of the testator's domicile at the time of his death *unless the will shows an intention that the trust should be administered in another state.*

(Emphasis added). And Indiana Code section 30–4–6–3(b) provides that the proper court to hear a trust action is determined by the principal place of the trust's administration, not where the beneficiaries reside:

Unless the terms of the trust provide otherwise, venue in a proceeding brought by a party other than the attorney general for matters arising under this article shall be exclusively in the county in which the principal place of administration of the trust is located. The principal place of administration of a trust is that usual place at which the records pertaining to the trust are kept or, if there is no such place, the trustee's residence.

Finally, Indiana Code section 30–4–6–4 states:

unless the terms of the trust expressly direct that the court is to have continuing jurisdiction over the administration of the trust: ... (2) With respect to a decedent's estate docketed for the purpose of probate or administration, which either establishes a trust or makes a devise to another trust, the court shall have no continuing jurisdiction over the administration of the trust after any distribution from the estate is paid or delivered to the trustee.

In this case, Alford's will provided as follows: "I give and bequeath all the rest and residue of my estate to my son, J. ROBERT LYONS, of Alexandria, Virginia, as TRUSTEE." Appellants' App. p. 29. Also, as discussed above, Lyons was not required to render an accounting as trustee to any court. *Id.* at 32–33. Finally, Alford's will instructed that:

I give and bequeath all the rest and residue of my estate to my son, J. ROBERT LYONS, of Alexandria, Virginia, as TRUSTEE, to be held, managed and distributed in Trust for the uses and purposes set out in this Will.

*Id.* at 29.

In our view, these provisions demonstrate that Alford expressed her intention for Lyons to administer the trust in Virginia. Although the Rogerses claim that their request for relief does not involve the administration of the Trust, the remedies that they sought from the trial court implicate just that. All of the issues raised in the Rogerses' petition are governed by the law of the state of administration, which is Virginia. And those issues are properly decided only by the court having jurisdiction over the administration of the trust. *See Am. Employers Ins. Co. v. Coachmen Indus.*, 838 N.E.2d 1172, 1176 (Ind.Ct.App. 2005) (observing that Indiana follows the approach formulated by the Restatement (Second) of Conflict of Laws when deciding which law to apply when there is a conflict). As a result, it is apparent that any jurisdiction that an Indiana court may have had over the trust ceased when Alford's estate assets were transferred to Lyons as the trustee to be held and administered in trust in Virginia. Moreover, it is undisputed that Lyons has continuously and exclusively administered the Alford Trust and the assets in Virginia, and he has been a resident of Virginia since Alford executed her will. Thus, claims regarding the administration of the Alford Trust—including those advanced by the Rogerses—are properly heard in the Virginia courts.

Finally, although we have found no Indiana case directly on point, we note that courts from our sister states have acted in accordance with the above principles. For instance, in *In re Shipman's*

*Will*, 179 Misc. 303, 40 N.Y.S.2d 373 (N.Y.Sur.1942), the settlor from New York designated a Massachusetts trust company as trustee. The New York court, after holding that the trust was controlled by Massachusetts law, dismissed a demand for a trust accounting because "[t]he courts of Massachusetts, where the trust was directed to be carried out, alone have jurisdiction." *Id.* at 376. And in *Raynor v. Northwestern Nat'l Bank,* 211 Neb. 119, 317 N.W.2d 786 (1982), the trial court's dismissal of a Nebraska beneficiary's action against a trustee seeking to increase payments from the trust was affirmed, where the trustee was an Iowa bank and the assets were wholly administered in Iowa.

In sum, we conclude that jurisdiction with regard to the Rogerses' claims lies in Virginia, where the Alford Trust has continuously and exclusively been administered. Indiana has no relation to the administration of the trust and Virginia is the only jurisdiction that has the full authority to render a binding final judgment with regard to the Alford Trust. *See* Bogert, *Trusts and Trustees* § 292 (2d ed.1992) (observing that "where both the trustee and the trust assets are subject to the court's jurisdiction, the court can adjudicate any controversy relating to beneficial interests in those assets or to the trustee's rights and powers and its duties and liabilities to the beneficiaries").

In accordance with our statutes and the relevant trust administration principles discussed above, it is apparent that Indiana has no continuing supervisory jurisdiction over the Alford Trust. Indeed, Alford's will contemplated that Lyons, a Virginia resident, would serve as the sole trustee, establishing that the Alford Trust would be administered in Virginia and that Virginia law would apply. In essence, the mere fact that Lyons directed payments to Indiana beneficiaries is of no moment in these circumstances. Therefore, we conclude that the trial court properly granted Lyons's motion to dismiss based on the lack of subject matter jurisdiction.

The judgment of the trial court is affirmed.

MATHIAS, J., concur.

BROWN, J., dissents with opinion.

BROWN, Judge, dissenting.

I respectfully dissent from the majority's conclusion that the trial court properly granted Lyons's motion to dismiss and its blurring of the distinction between subject matter jurisdiction and personal jurisdiction. Lyons filed his motion to dismiss based upon Ind. Trial Rule 12(b)(1), i.e., lack of subject matter jurisdiction. (Appellant's Appendix at 12–25) The Rogerses responded by arguing that the trial court had personal jurisdiction over Lyons. (Appellant's Appendix at 37–46) The trial court granted the motion to dismiss based upon lack of jurisdiction but did not specify whether subject matter or personal jurisdiction was lacking.

On appeal, the Rogerses again argue that the trial court had personal jurisdiction over Lyons, while Lyons argues that the trial court did not have jurisdiction over the administration of the trust or personal jurisdiction. The majority addresses only subject matter jurisdiction. The majority places much emphasis on the will's reference to "Robert Lyons, of Alexandria, Virginia" in asserting that the action should be heard in Virginia. However, I do not believe that the will's reference to "Robert Lyons, of Alexandria, Virginia" evinces an intent that the trust be administered in Virginia. Rather, I believe it is necessary to address both subject matter and personal jurisdiction and the relevant statutory authority.

"Indiana trial courts possess two kinds of 'jurisdiction.'" *K.S. v. State*, 849 N.E.2d 538, 540 (Ind.2006). "Subject matter jurisdiction is the power to hear and determine cases of the general class to which any particular proceeding belongs." *Id.* "Personal jurisdiction requires that appropriate process be effected over the parties." *Id.* In *K.S.*, the Indiana Supreme Court held that "[o]ther phrases recently common to Indiana practice, like 'jurisdiction over a particular case,' confuse actual jurisdiction with legal error, and we will be better off ceasing such characterizations." *Id.*

First, although they do not fit within the category of subject matter jurisdiction or personal jurisdiction, Ind.Code § 30-4-6-2 and Ind.Code § 30-4-6-4 are relevant here.[2] Ind.Code § 30-4-6-2 provides: "The court will have continuing jurisdiction to supervise the administration of the trust only if the settlor expressly directs in the terms of the trust that the court is to have that jurisdiction." Similarly, Ind.Code § 30-4-6-4 provides:

> Except as provided in section 7 of this chapter and IC 30-4-7, unless the terms of the trust expressly direct that the court is to have continuing jurisdiction over the administration of the trust:
>
> (1) a trustee need not docket a trust in the records of the court nor may the court require a trust to be docketed; and
>
> (2) with respect to a decedent's estate docketed for the purpose of probate or administration, which either establishes a trust or makes a devise

to another trust, the court shall have no continuing jurisdiction over the administration of the trust after any distribution from the estate is paid or delivered to the trustee.

The testamentary trust here did not expressly direct that the Marion County probate court would have continuing jurisdiction over the trust. (Appellant's Appendix at 29-36) Consequently, the Marion County probate court could not assert "continuing jurisdiction" simply because the trust was established here.[3] However, this is not to say that the parties *could not* bring an action related to the trust in the Marion County probate court. Rather, the action "could be brought in any court having appropriate civil jurisdiction." 7 HENRY'S INDIANA PROBATE LAW AND PRACTICE § 39.14 (2008). An analysis of subject matter and personal jurisdiction is, thus, necessary.

As for subject matter jurisdiction, Ind. Code § 30-4-6-1 provides that "[j]urisdiction in this state for all matters arising under this article [the Trust Code] shall be with the court exercising probate jurisdiction." The Marion County probate court has the power to hear and determine trust cases and, thus, had subject matter jurisdiction over this dispute. *See, e.g., K.S.*, 849 N.E.2d at 542 ("A juvenile court indeed has exclusive jurisdiction over a proceeding alleging a child to be a delinquent child."); 7 HENRY'S INDIANA PROBATE LAW AND PRACTICE § 39.14 (2008) ("The Code places jurisdiction of trust[s] solely in the court exercising probate jurisdiction").

---

**2.** These statutes fall within what was formerly described as jurisdiction over the particular case. *See Packard v. Shoopman*, 852 N.E.2d 927, 929-930 (Ind.2006) (observing that " 'jurisdiction over the particular case' is something of a misnomer and refers to failure to meet procedural requirements but does not

constitute a limitation on subject matter jurisdiction in the sense that the court cannot hear cases of the same general class").

**3.** The majority also cites to Ind.Code § 30-4-6-3. However, that statute concerns venue, not jurisdiction.

Finally, as for personal jurisdiction, Ind. Trial Rule 4.4(A) reduces analysis of personal jurisdiction to the issue of whether the exercise of personal jurisdiction is consistent with the Federal Due Process Clause. *LinkAmerica Corp. v. Albert*, 857 N.E.2d 961, 967 (Ind.2006). The Due Process Clause of the Fourteenth Amendment requires that before a state may exercise jurisdiction over a defendant, the defendant must have "certain minimum contacts with [the state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Id.* (quoting *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)). "If the defendant's contacts with the state are so 'continuous and systematic' that the defendant should reasonably anticipate being haled into the courts of that state for any matter, then the defendant is subject to general jurisdiction, even in causes of action unrelated to the defendant's contacts with the forum state." *Id.* (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 n. 9, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984)).

If the defendant's contacts with the forum state are not "continuous and systematic," specific jurisdiction may be asserted if the controversy is related to or arises out of the defendant's contacts with the forum state. *Id.* (quoting *Helicopteros*, 466 U.S. at 414 & n. 8, 104 S.Ct. 1868, 80 L.Ed.2d 404). Specific jurisdiction requires that the defendant purposefully availed itself of the privilege of conducting activities within the forum state so that the defendant reasonably anticipates being haled into court there. *Id.* (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474–75, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)). A single contact with the forum state may be sufficient to establish specific jurisdiction over a defendant, if it creates a "substantial connection" with the forum state and the suit is related to that connection. *Id.* (citing *McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 223, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957)). A defendant cannot be haled into a jurisdiction "solely as a result of random, fortuitous, or attenuated contacts or of the unilateral activity of another party or a third person." *Id.* (quoting *Burger King*, 471 U.S. at 475, 105 S.Ct. 2174, 85 L.Ed.2d 528).

If the defendant has contacts with the forum state sufficient for general or specific jurisdiction, due process requires that the assertion of personal jurisdiction over the defendant is reasonable. *Id.* (citing *Burger King*, 471 U.S. at 477, 105 S.Ct. 2174, 85 L.Ed.2d 528). The assertion of personal jurisdiction will rarely be found unreasonable if "minimum contacts" are found. *Id.* Reasonableness of exercising jurisdiction over a defendant is determined by balancing five factors:

(1) the burden on the defendant; (2) the forum State's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenience and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several States in furthering fundamental substantive social policies.

*Id.* at 968 (quoting *Burger King*, 471 U.S. at 476–77, 105 S.Ct. 2174, 85 L.Ed.2d 528). These considerations come into play only if the defendant has sufficient contacts with the forum state to assert personal jurisdiction. *Id.* (citing *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 116, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987)).

*First American Bank of Virginia v. Reilly*, 563 N.E.2d 142 (Ind.Ct.App.1990), is instructive on this issue. In *Reilly*, Robert Anderson, who resided in Virginia, executed a will that created a trust through which his residuary estate would

pass. 563 N.E.2d at 143. The will named First American Bank ("Bank") as trustee. *Id.* Anderson died a resident of Indiana, and the will was probated in Indiana. *Id.* The Bank declined appointment as executor and did not appear or participate as a party in the probate proceedings. *Id.* at 143–144. The co-administratrix transferred the residuary estate to the Bank in Virginia. *Id.* at 143.

Reilly, the beneficiary, resided in New Jersey. *Id.* at 144. Later, Reilly filed a petition in Indiana seeking to declare the trust null and void, and the Bank filed a motion to dismiss based upon lack of personal jurisdiction, subject matter jurisdiction, and the doctrine of forum non-conveniens, which the trial court denied. *Id.*

On appeal, we held that "a nonresident trustee may not be called upon to defend in this or any other state unless it has had the litigation related 'minimal contacts' with the state that are a prerequisite to its exercise of power over it." *Id.* (citing *Hanson v. Denckla,* 357 U.S. 235, 251, 78 S.Ct. 1228, 1238–39, 2 L.Ed.2d 1283 (1958)). The Bank transacted no business in Indiana, had no offices in Indiana, and did not appear or acquiesce in an exercise of jurisdiction during the probate proceedings. *Id.* at 144–145. The trust assets were not held or administered in this state, and the trust document itself was not created in Indiana. *Id.* at 145. "The Bank's agreement to act as trustee, without a showing of any pre-existing involvement or a continuing connection with the state such as administrative oversight of the trust

simply [did] not evince the kind of deliberate contact required of First American." *Id.* (footnote omitted). Further, personal jurisdiction was not established by the fact that Anderson died in Indiana, leaving assets that eventually passed into the trust. *Id.* We noted that "[a]t the time the Indiana probate court had jurisdiction over Mr. Anderson's estate, it did not have personal jurisdiction over [the Bank]. Title did not vest in [the Bank] as trustee until the trust estate was delivered to it in Virginia. . . ." *Id.* at 145–146. We concluded that the Bank did not have "the sufficient minimum contacts necessary for an exercise of in personam jurisdiction." *Id.* at 145.

Here, Alford's will, which created the trust, was probated in Indiana at Lyons's request. Lyons was the personal representative and was named as trustee in the will. Lyons is a resident of Virginia and has administered the trust in Virginia. All of the trust's records are maintained in Virginia, and the trust files tax returns in Virginia. The beneficiaries of the trust reside in Indiana.

While Lyons's payments to the Indiana beneficiaries and the Indiana third-party service providers are insufficient to establish the necessary minimum contacts, I conclude that his actions of admitting Alford's will to probate and serving as personal representative are sufficient to establish personal jurisdiction in Indiana.[4] Unlike in *First American Bank,* Lyons appeared and acquiesced in the exercise of personal jurisdiction during the probate

---

4. Courts have held that payments made to an Indiana beneficiary by a foreign trustee do not establish the necessary minimum contacts. *See, e.g., Hanson,* 357 U.S. at 252, 78 S.Ct. at 1239 (holding that trust income payments made by trustee to settlor in Florida did not confer personal jurisdiction); *Rose v. Firstar Bank,* 819 A.2d 1247, 1252 (R.I.2003) (holding that the bank trustee's periodic mailings of trust-account statements and checks to the beneficiaries together with occasional telephone calls did not establish personal jurisdiction in home state of beneficiaries); *see also Saler v. Irick,* 800 N.E.2d 960, 972 (Ind. Ct.App.2003) (holding that the Indiana courts did not have in rem jurisdiction over annuities even though the decedent received income from the annuities in Indiana).

proceedings. As a result of his activities, Lyons should have reasonably anticipated being haled into court in Indiana. I thus conclude that the Marion County probate court had personal jurisdiction over Lyons. Having concluded that the probate court had subject matter and personal jurisdiction, I disagree with the majority and would hold that the court erred by granting Lyons's motion to dismiss.