



FILED
Feb 25 2025, 11:38 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Indiana Supreme Court

Supreme Court Case No. 24S-PL-299

## Emily Tingley,
*Appellant,*

—v—

## First Financial Bank, Trustee of Land Trust No. 428,
*Appellee.*

Argued: October 31, 2024 | Decided: February 25, 2025

Appeal from the Vigo Superior Court
No. 84D02-2302-PL-1232
The Honorable Lakshmi Y. Reddy, Judge

On Petition to Transfer from the Indiana Court of Appeals
No. 23A-PL-1226

**Opinion by Justice Slaughter**

Chief Justice Rush and Justices Massa, Goff, and Molter concur.

**Slaughter, Justice.**

An Indiana trust beneficiary sued the trustee, an Indiana bank, in an Indiana trial court over whether and how to dispose of trust property. Because the trust holds Illinois real estate, is governed by Illinois law, and includes mostly Illinois beneficiaries, the trial court dismissed the action for lack of subject-matter jurisdiction. The court erred in doing so. Although these facts may raise questions about the most appropriate forum for resolving these Illinois-centered issues, this issue is not before us. We answer only the jurisdictional question presented and hold that the trial court has power to adjudicate this matter.

## I

### A

In 2002, nine joint owners of six parcels of real property located in Clark County, Illinois, created a trust, Trust No. 428. They named themselves as trust beneficiaries and named the First National Bank of Marshall, Illinois, as trustee. Sometime later, First Financial Bank, which is based in Terre Haute, Indiana, acquired First National Bank of Marshall and assumed responsibility for its trust accounts, including Trust No. 428. Although First Financial is headquartered in Terre Haute, it continued administering the trust in Illinois.

Under the trust's terms, the trustee holds both legal and equitable title over the property while the beneficiaries retain certain "power[s] of direction", like managing the trust's property and receiving any rent or sale proceeds. To exercise these powers, the trust gave primary authority to one of the nine owners, who is also a trust beneficiary, Elvia Murphy. The trust named Elvia's son, John Murphy, as successor upon her death or incapacity. Elvia lived in Illinois when the trust was created. Of the remaining eight original beneficiaries, five also lived in Illinois at that time, and one each lived in Arizona, Colorado, and Indiana.

The trust agreement has two key provisions. The first is that "[i]f any property remains in this trust twenty years from this date [March 22, 2002], it shall be sold at public sale by the Trustee on reasonable notice, and the proceeds of the sale shall be divided among those who are entitled thereto under this trust agreement." The second says that the trustee has

no duty to manage, control, or otherwise be responsible for trust property "except on written direction" of a beneficiary with the power of direction.

At the twenty-year mark, in 2022, John had taken over the trust's direction from Elvia. By this time, four of the original beneficiaries had been succeeded by seven new beneficiaries, adding up to twelve total beneficiaries. Given the twenty-year sale provision, the trustee reached out to John, then living in Illinois, informing him that "[i]n order to keep this trust active, an Extension Agreement must be signed by all beneficial owners of the trust." John, with the agreement of four of the other eleven beneficiaries, directed the trustee to extend the trust for another twenty years. Emily Tingley, a successor beneficiary living in Indiana, disagreed with John's decision to extend the trust.

B

In 2023, Tingley sued the trustee in Vigo County, Indiana, where it is headquartered. She asked the trial court to direct the trustee to "carry out the terms of the Trust", referencing the twenty-year sale provision, and sought a court order requiring the trustee to sell all trust property. In response, the trustee sought to dismiss the case arguing that "Indiana has no subject matter jurisdiction over this cause as the Trust at issue is administered in Illinois." It also argued that "no county in Indiana has venue" under the Indiana Trust Code. At the same time, the trustee filed its own suit in Illinois about the conflicting trust provisions and sought a declaration that, among other things, it be allowed to extend the trust's duration, as John directed. After briefing by the parties, the Indiana court granted the trustee's motion and dismissed the action below for lack of subject-matter jurisdiction.

Tingley appealed, and the court of appeals reversed. *Tingley v. First Fin. Bank*, 232 N.E.3d 1171, 1173 (Ind. Ct. App. 2024). The appellate panel ruled that the trial court has jurisdiction over the Indiana suit although the trust and its assets are in Illinois. *Id.* at 1177–78. In doing so, the court distinguished conflicting appellate precedent, *In re Alford Trust*, 897 N.E.2d 946, 951 (Ind. Ct. App. 2008), trans. denied, which held trial courts lack subject-matter jurisdiction over trust disputes when "Indiana has no relation to the administration of the trust". *Id.* at 951. The panel below also found that Indiana's trust-venue statute, Ind. Code § 30-4-6-3(b), does not limit

jurisdiction over multistate trusts. *Tingley*, 232 N.E.3d at 1178. A "multistate" trust, as the name implies, has "significant contacts or relationships with more than one state." *Bogert's The Law of Trusts and Trustees* § 291 (July 2024 Update).

The trustee then sought transfer, which we granted, 241 N.E.3d 1131 (Ind. 2024), to resolve the conflict within the court of appeals over whether an Indiana trial court has subject-matter jurisdiction over a dispute involving a multistate trust. Our grant of transfer vacated the appellate opinion. Ind. Appellate Rule 58(A).

## II

We must decide whether the trial court erred in granting the trustee's dismissal under Trial Rule 12(B)(1). "Where the facts before the trial court are not in dispute, the question of subject matter jurisdiction is one of law and we review the trial court's ruling *de novo*." *Berry v. Crawford*, 990 N.E.2d 410, 414 (Ind. 2013). "[A] motion to dismiss for lack of subject matter jurisdiction presents a threshold question concerning the court's power to act." *Perry v. Stitzer Buick GMC, Inc.*, 637 N.E.2d 1282, 1286 (Ind. 1994).

Subject-matter jurisdiction turns on one question: does a court have the constitutional or statutory power to hear the case. *Payne-Elliott v. Roman Catholic Archdiocese of Indianapolis*, 193 N.E.3d 1009, 1013 (Ind. 2022). The trustee contends that subject-matter jurisdiction is lacking here because the disputed trust is based exclusively in Illinois. We disagree. Our legislature has endowed Indiana courts with subject-matter jurisdiction over all civil trust suits. Yet with multistate trusts, some courts have found that jurisdiction turns on non-jurisdictional factors like choice-of-law questions, venue rules, and the specifics of a particular trust. See, e.g., *Alford Trust*, 897 N.E.2d at 951. Again, we disagree.

We proceed in two parts. First, we outline the framework for determining subject-matter jurisdiction over multistate trusts and find jurisdiction present here. Second, we conclude that the trustee's contrary arguments fail because they are unrelated to jurisdiction. In doing so, we explain that the trustee's reliance on *Alford Trust* is misplaced, and that the trustee's arguments turn on two non-jurisdictional doctrines, comity and *forum non conveniens*.

## A

A court's jurisdiction has two dimensions, personal and subject matter. Personal jurisdiction asks whether the court possesses "power to impose judgment on a particular defendant." *Boyer v. Smith*, 42 N.E.3d 505, 509 (Ind. 2015). Subject-matter jurisdiction asks "whether the action or claim falls within the general scope of authority conferred upon the court by the constitution or by statute." *Payne-Elliott*, 193 N.E.3d at 1013. The trustee concedes personal jurisdiction. But it challenges subject-matter jurisdiction.

Superior courts, like the court below, have broad power — "original and concurrent jurisdiction in all civil cases". I.C. § 33-29-1-1.5(1). One such civil case is a declaratory-judgment action. *Id.* § 34-14-1-1. The legislature has empowered "[c]ourts of record within their respective jurisdictions" with "power to declare rights, status, and other legal relations whether or not further relief is or could be claimed." *Ibid.* The Vigo Superior Court, where Tingley brought this action, is a court of record. *Id.* § 33-33-84-3.

Given these statutes, the trial court has subject-matter jurisdiction over Tingley's action against the trustee. She seeks a declaration that the trustee may not renew the trust and an injunction compelling it to sell trust property consistent with the trust agreement. Tingley's civil action seeks a declaration of her rights under the trust agreement and thus falls squarely within the broad civil jurisdiction of superior courts generally, *id.* § 33-29-1-1.5(1), and the Vigo Superior Court specifically, *id.* § 33-33-84-3.

Despite these statutes, the trustee relies on the trust code's venue provision to claim that the trial court lacks jurisdiction because venue supposedly exists nowhere in Indiana. The trustee misreads the trust code and misunderstands venue. The cited trust-code provision addresses not jurisdiction but preferred venue within Indiana: "Unless the terms of the trust provide otherwise, venue in a proceeding brought by a party" — to, for example, enforce the terms of a trust agreement — "shall be exclusively in the county in which the principal place of administration of the trust is located." *Id.* § 30-4-6-3(b). This statute specifies only "where" not "whether": **where** an Indiana court with jurisdiction may hear a trust case, not **whether** the court has jurisdiction at all.

Consistent with this trust-code provision, our trial rules likewise say that venue statutes do not remove or alter a court's subject-matter jurisdiction. "No statute or rule fixing the place of trial shall be deemed a requirement of jurisdiction." Ind. Trial Rule 75(D). Thus, a venue error "is not a jurisdictional matter that deprives the court of the right to entertain the subject matter." *State ex rel. Knowles v. Elkhart Cir. Ct.*, 268 N.E.2d 79, 80 (Ind. 1971). Illustrating this point is that the remedy for a venue error is "to transfer the case to a proper county or court as provided by" Trial Rule 75. *R&D Transp., Inc. v. A.H.*, 859 N.E.2d 332, 336 (Ind. 2006) (quotation omitted). The remedy for an error of subject-matter jurisdiction, in contrast, is not transfer but dismissal. T.R. 12(B)(1).

We hold that the trial court below, as a court of general jurisdiction, has subject-matter jurisdiction over cases like this one, which seeks to force a trustee to adhere to the trust's terms.

B

Having established the trial court's subject-matter jurisdiction, we next explain the distinction between jurisdiction—the power to adjudicate a dispute—and prudential matters for which a trial court with jurisdiction may nevertheless dismiss a case. In doing so, we overrule *Alford Trust*, which conflates jurisdiction with unrelated prudential concerns like where trust property is located, where the trust is administered, where venue lies, and what law applies. 897 N.E.2d at 951. Second, we explain that trial courts may decline to hear a case (though jurisdiction is secure) under doctrines of comity or *forum non conveniens*. These doctrines are not before us, though, because the trustee has yet to raise them.

1

We have long sought to stamp out the "casual use of the notion of jurisdiction". *K.S. v. State*, 849 N.E.2d 538, 541 (Ind. 2006). Indeed, "[a]ttorneys and judges alike" frequently confuse jurisdiction with other concerns. *Ibid.* Such confusion occurred here. The trustee cast the prudential issues inherent in overseeing multistate trusts, choice-of-law questions, and venue concerns as problems of jurisdiction. For instance, the trustee claimed that the "legal effects" of this case "are properly heard and decided by the appropriate court in Illinois that has primary subject matter jurisdiction"

over the trust because the trust is administered in Illinois. This claim confuses choice-of-law issues with jurisdiction.

That said, the distinction between choice of law and jurisdiction can be blurred when a trust spans several states. Indeed, "[q]uestions may arise with regard to the validity, administration, interpretation or construction of a trust having significant contacts or relationships with more than one state." *Bogert's* § 291. Yet these issues do not concern subject-matter jurisdiction:

> Generally, a court has jurisdiction to adjudicate [a trust] by reason of its relationship to the trust, the trust parties or the trust property which is sufficient to make its decree reasonable and recognized as valid in other states. **This initial question of the forum court's jurisdiction to adjudicate the case should be distinguished from other types of adjudicatory jurisdiction** such as, for example, the choice-of-law jurisdiction of a court to apply its own local law rather than the local law of another state in resolving the substantive issue. **There may be the further question of whether the court having jurisdiction will choose to exercise its discretionary power to act in the matter.**

*Id.* § 292 (emphasis added) (footnote omitted). Thus, when litigation involves a multistate trust, courts should keep first things first: ensure subject-matter jurisdiction before turning to prudential issues.

Our courts have not always followed this sequence. In *Alford Trust*, an Indiana-based mother created a trust and chose her Virginia-based son as trustee. 897 N.E.2d at 947. When the trustee refused to account for trust assets, trust beneficiaries in Indiana sought help from a court in Indiana. *Id.* at 948. On appeal, a divided panel found the Indiana court lacked subject-matter jurisdiction because trustees "continuously and exclusively" managed the trust in Virginia. *Id.* at 951. Judge Brown disagreed. She wrote a dissent noting that subject-matter jurisdiction is simply "the power to hear and determine cases of the general class to which any particular proceeding belongs", and that the Indiana Trust Code establishes jurisdiction over trust cases, I.C. ch. 30-4-6. *Alford Trust*, 897 N.E.2d at 952–54 (Brown, J., dissenting) (quoting *K.S.*, 849 N.E.2d at 540).

Judge Brown's dissent in *Alford Trust* and the appellate panel below both got it right. The *Alford Trust* majority confused subject-matter jurisdiction with prudential concerns. Taking *Alford Trust*'s conclusions one at a time, *Alford Trust* held that since Virginia law governed the trust, Indiana courts could not hear the case. 897 N.E.2d at 950–51. But Indiana courts often apply other states' laws, see, e.g., *Nat'l Union Fire Ins. Co. v. Standard Fusee Corp.*, 940 N.E.2d 810 (Ind. 2010) (applying Maryland law), and whether another state's law applies has nothing to do with an Indiana court's power to hear a case.

Next, *Alford Trust* determined that a trust being administered "continuously and exclusively" in another state prevented Indiana courts from exercising jurisdiction. Not so. As discussed above, *supra*, at 5–6, disputes over trust administration fall within our superior courts' general civil jurisdiction, as set out by the legislature. I.C. § 33-29-1-1.5(1) (establishing general civil jurisdiction for Indiana superior courts).

Finally, *Alford Trust* also misreads the Indiana Trust Code. Our trust code says that, except for proceedings filed by the attorney general, venue lies "exclusively in the county in which the **principal place of administration** of the trust is located." *Id.* § 30-4-6-3(b) (emphasis added). Although this statute refers to venue, *Alford Trust* treated it as a rule about jurisdiction. A venue provision, though, "does not confer jurisdiction"; it prescribes, rather, "the location at which trial proceedings are to occur from among the courts empowered to exercise jurisdiction." *M.H. v. State*, 207 N.E.3d 412, 421 (Ind. 2023) (quoting *Benham v. State*, 637 N.E.2d 133, 137 (Ind. 1994)) (internal quotation marks omitted). Venue, in other words, presupposes jurisdiction and neither creates nor withholds it.

We specifically disapprove of *Alford Trust* because it blurs venue and other prudential concerns, on one hand, with jurisdiction, on the other.

2

Though the Vigo Superior Court has subject-matter jurisdiction over the disputed trust here, prudential concerns may still subject this case to dismissal in the court's discretion. Doctrines of comity and *forum non conveniens*, for instance, permit a trial court with jurisdiction nonetheless to decline to exercise its power.

Comity is the principle that a court has discretion to dismiss a case "as a matter of courtesy and convenience when there are pending proceedings in an out-of-state court". *BFD Enter., LLC v. Koepnick*, 191 N.E.3d 265, 271–72 (Ind. Ct. App. 2022) (quoting *Herren v. Dishman*, 1 N.E.3d 697, 707 (Ind. Ct. App. 2013)). The general rule is that if "an action concerning the same parties and the same subject matter has been commenced in another jurisdiction capable of granting prompt and complete justice, comity should require staying or dismissing of a subsequent action filed in a different jurisdiction." *Id.* at 272 (quoting *Angelopoulos v. Angelopoulos*, 2 N.E.3d 688, 695 (Ind. Ct. App. 2013)).

Our trial rules also permit discretionary dismissals under the doctrine of *forum non conveniens* if a court determines another jurisdiction would better handle the case. T.R. 4.4(C). Even if jurisdiction is secure, a court still "**may** dismiss 'under such reasonable conditions as the court in its discretion may determine to be just.'" *DePuy Orthopaedics, Inc. v. Brown*, 29 N.E.3d 729, 732–33 (Ind. 2015) (quoting T.R. 4.4(C)) (emphasis in original).

For now, though, neither doctrine is before us because the trustee's dismissal motion implicated only subject-matter jurisdiction, which lies here. On remand, if the trustee persists in its view that this case does not belong in Indiana, it can seek dismissal under one or more discretionary doctrines like comity or *forum non conveniens*. Neither doctrine affects the court's jurisdiction. And neither doctrine compels dismissal of a case over which the court has jurisdiction.

\* \* \*

For these reasons, we reverse the trial court's jurisdictional dismissal and remand for further proceedings consistent with our opinion.

Rush, CJ., and Massa, Goff, and Molter, JJ., concur

ATTORNEYS FOR APPELLANT EMILY TINGLEY

Jeffrey B. Kolb

Charles E. Traylor

Kolb Roellgen & Traylor LLP

Vincennes, Indiana


Abraham L. Ramsey

Certified Legal Intern

Indiana University Maurer School of Law

ATTORNEYS FOR APPELLEE FIRST FINANCIAL BANK

Darrell E. Felling, II

Jeffry A. Lind

Lind & Felling

Terre Haute, Indiana


Joel C. Wieneke

Wieneke Law Office, LLC

Brooklyn, Indiana