# FOR PUBLICATION



FILED

Apr 30 2014, 10:02 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANTS:

**PATRICK F. MASTRIAN III**
Brown, Tompkins, Lory & Mastrian
Indianapolis, Indiana

**EDWARD G. BIELSKI**
Bielski Law LLC
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**MONTY K. WOOLSEY**
Cross, Pennamped, Woolsey & Glazier, P.C.
Carmel, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| IN RE THE ADOPTION OF L.T.: | ) | |
| | ) | |
| J.M. and S.M., | ) | |
| | ) | |
| Appellants, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1310-AD-493 |
| | ) | |
| C.T., | ) | |
| | ) | |
| Appellee. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Gerald S. Zore, Judge
Cause No. 49D08-1302-AD-7019

**April 30, 2014**

**OPINION - FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

C.T. ("Father") established his paternity of L.T. ("Child") in the Marion County Circuit Court. The custodial parent ("Mother") died, and Father allowed maternal grandparents J.M. and S.M. ("Grandparents") to assume guardianship. A guardianship order was entered by the Hamilton County Superior Court, although Child did not reside there. Paternal grandparents ("Interveners") intervened and secured transfer of the matter to the Marion County Superior Court, Probate Division, where it was consolidated with Grandparents' adoption petition. In a non-evidentiary hearing, Father contended that the Hamilton County Superior Court order was void for lack of subject matter jurisdiction. The probate court granted relief from the order and summarily awarded Father physical custody of Child. We reverse and remand for a hearing on the best interests of the child.

**Issues**

Grandparents present two issues for review:

I. Whether the probate court erroneously granted relief from the guardianship order upon concluding that it was void for lack of subject matter jurisdiction; and

II. Whether the summary disposition of consolidated guardianship, custody, and adoption proceedings without a hearing was erroneous.

**Facts and Procedural History**

Child was born on October 2, 2010. On December 19, 2011, in the Paternity Division of the Marion County Circuit Court, paternity was established in Father. Mother was granted custody and Father was granted parenting time and ordered to pay child support. On October 25, 2012, Mother died.

2

On November 5, 2012, Grandparents filed a petition in the Hamilton County Superior Court seeking guardianship of Child. Attached to the petition was a "Waiver of Notice to Hearing and Consent to Guardianship," purportedly bearing Father's notarized signature.[1] (App. 130.) On the same day, Grandparents were appointed co-guardians of Child.

On January 3, 2013, Father filed, in the Hamilton County Superior Court, his "Combined Motion to Set Aside and Dismiss Due to Lack of Subject Matter and Personal Jurisdiction." (App. 37.) Interveners filed a petition in the Marion County Circuit Court to transfer the Hamilton County guardianship proceedings to the Marion County paternity court.[2] On February 1, 2013, the Marion County Circuit Court, Paternity Division, entered an order to transfer the guardianship matter and consolidate it with paternity proceedings in Marion County. On February 27, 2013, the Hamilton Superior Court entered an order of transfer.

Meanwhile, on February 22, 2013, Grandparents had filed a petition to adopt Child in the Marion County Superior Court, Probate Division.[3] On March 20, 2013, the Paternity Division transferred the matter to the Probate Division; all proceedings were then consolidated in the probate court. On the same date, Father filed his "Emergency Motion to

---

[1] Father maintains that he acted under duress when he signed a document on November 2, 2012, allegedly a document other than the one attached as an exhibit to the guardianship petition.

[2] The petition alleged that Father had, on October 28, 2012, "signed consents for his father to either adopt [Child] or become [Child's] guardian." Appellee's App. at 27. At the hearing on subject matter jurisdiction, counsel for Interveners advised the Marion County probate court that Father had "filed consents for his parents also to have guardianship and adoption." (Tr. 15.)

[3] The petition alleged that Father's consent to the adoption is not required pursuant to Indiana Code section 31-19-9-8. Grandparents alleged alternate grounds of parental unfitness and failure to support.

Set Aside Order to Consolidate or in the Alternative Motion for Reconsideration." (App. 68.) The motion was denied without a hearing. On April 3, 2013, Father filed a motion contesting the adoption petition, and attached a certified history of his payment of child support.

On April 8, 2013, the probate court conducted a hearing at which argument was heard on the issue of whether Hamilton County Superior Court lacked subject matter jurisdiction over the guardianship proceedings. The parties were ordered to submit post-hearing briefs. On June 19, 2013, a "Motion for Relief from Judgment" was filed in Marion County. (App. 15.) On October 8, 2013, the probate court issued its "Order Granting Motion to Dismiss or to Terminate Guardianship,"[4] providing in relevant part:

> [T]he Hamilton Superior Court lacked subject matter jurisdiction to enter any orders relating to the Guardianship action filed by the Maternal Grandparents in that Court. The Guardianship is terminated and [Child] shall immediately be returned to her father[.]

(App. 23.) The order was stayed pending the resolution of Grandparents' appeal.

### Discussion and Decision

#### Jurisdiction

Indiana Trial Rule 60(B)(6) provides: "On motion and upon such terms as are just the court may relieve a party or his legal representative from an entry of default, final order, or final judgment, including a judgment by default, for the following reasons: … The judgment is void[.]" In the probate court, Father contended that the order vesting guardianship in Grandparents was void for lack of subject matter jurisdiction; the probate court agreed.

---

[4] The probate court had issued interim orders concerning parenting time, grand-parenting time, substance evaluation, and multiple motions regarding contempt of court.

Normally, this Court employs an abuse of discretion standard in reviewing a trial court's ruling on a motion to set aside a judgment. Rice v. Com'r, Indiana Dept. of Envtl Mgmt., 782 N.E.2d 1000, 1003 (Ind. Ct. App. 2003). However, when a motion for relief from judgment is made pursuant to Trial Rule 60(B)(6), alleging that the judgment is void, discretion on the part of the trial court is not employed because either the judgment is void or it is valid. Id. An order is void where the trial court lacks the authority to act. Kitchen v. Kitchen, 953 N.E.2d 646, 651 (Ind. Ct. App. 2011).[5]

To render a valid judgment, a court must have both subject matter jurisdiction and personal jurisdiction. Buckalew v. Buckalew, 754 N.E.2d 896, 898 (Ind. 2001). These are the only types of jurisdiction. K.S. v. State, 849 N.E.2d 538, 540 (Ind. 2006). Subject matter jurisdiction is the power of a court to hear and decide the general class of actions to which a particular case belongs. Id. When a court lacks subject matter jurisdiction, its actions are void ab initio and have no effect whatsoever. Allen v. Proksch, 832 N.E.2d 1080, 1095 (Ind. Ct. App. 2005).

An Indiana court obtains subject matter jurisdiction only through the Constitution or a statute. State v. Sproles, 672 N.E.2d 1353, 1356 (Ind. 1996). Subject matter jurisdiction cannot be waived or conferred by agreement and can be raised at any time. Santiago v. Kilmer, 605 N.E.2d 237, 240 (Ind. Ct. App. 1992), trans. denied.

---

[5] For example, courts have no authority to grant third-party visitation to persons other than parents, step-parents, or grandparents. In re I.E., 997 N.E.2d 358, 366 (Ind. Ct. App. 2013), trans. denied (citing Kitchen, 953 N.E.2d at 646).

Indiana Code section 29-3-2-1(b)(1) provides in pertinent part: "Except as provided in subsections (c) through (e), the [probate] court has exclusive original jurisdiction with respect to an individual who is not an adult … over all matters concerning the following: Guardians." Subsection (c)(1), setting forth one such exception, provides: "A juvenile court has exclusive original jurisdiction over matters relating to the following: Minors described in IC 31-30-1-1." Indiana Code section 31-30-1-1(1)(3) provides: "A juvenile court has exclusive original jurisdiction … in … proceedings concerning the paternity of a child under IC 31-14."

Proper venue in guardianship actions is established by Indiana Code section 29-3-2-2, which provides that the proper or preferred venue for appointment of a guardian of a minor is the county where the minor resides. It is stipulated that Child is not a Hamilton County resident. As such, while the Hamilton County Court, Probate Division has statutory authority to hear and decide guardianship actions, this is not to say that the initial invocation of the court's jurisdiction was proper. Rather, because venue was properly in Marion County, the action should have been filed there. Moreover, even where there are alternate venues for determining child custody, concurrent jurisdiction is not an option.

Exclusivity in a custody dispute was addressed by a panel of this Court in In re Paternity of Fox, 514 N.E.2d 638 (Ind. Ct. App. 1987), trans. denied. A father had filed a paternity action in Bartholomew County and shortly thereafter, the minor's relatives (with whom he resided) filed a guardianship petition in their county of residence, Lawrence. Id. at

6

639-40. On appeal from an award of custody of the minor to his father, we explained the concept of exclusive exercise of jurisdiction:

> Pursuant to statute, paternity proceedings may be commenced by a putative father and venue lies in the county in which the child, the mother, or the alleged father resides. Ind. Code 31-6-6.1-4. Thus, it was proper for Fox to file his petition in Bartholomew County, where he resides. Proper venue for the guardianship proceeding was restricted to Lawrence County, where Doug resided. Ind. Code 29-1-18-7(a)(1). Both counties were vested with jurisdiction in the respective proceedings. Ind. Code 31-6-2-1(a)(3) (paternity); Ind. Code 29-1-18-4(a) (guardianship). It is well settled that two courts of concurrent jurisdiction cannot deal with the same subject matter at the same time. State ex rel. American Fletcher National Bank and Trust Co. v. Daugherty (1972), 258 Ind. 632, 283 N.E.2d 526. Once jurisdiction over the parties and the subject matter has been secured, it is retained to the exclusion of other courts of equal competence until the case is resolved, and the rule applies where the subject matter before the separate courts is the same, but the actions are in different forms. Id. Exclusive jurisdiction over a particular cause of action vests when the complaint or other equivalent pleading or document is filed. State ex rel. Long v. Marion Superior Court (1981), 275 Ind. 533, 418 N.E.2d 218; Ind. Rule of Procedure, Trial Rule 3.

> Here, the separate proceedings were in different forms, but as Fox's paternity was not contested, the crux of both actions necessarily involved the same persons and issue, namely, who was to be awarded custody of [child]. As Fox's petition for custody was filed on April 22, 1986, and the Beyers's petition for guardianship was not filed until May 2, 1986, the Bartholomew Juvenile Court properly exercised exclusive jurisdiction of the subject matter.

Id. at 641.

Had the subject of Child's custody been first properly brought before the Marion County juvenile court for litigation, the Hamilton County probate court would have been precluded from making a custody determination regarding the same child, even if Child was a Hamilton County resident. See In re Marriage of Huss, 888 N.E.2d 1238, 1241 (Ind. 2008).

7

Child's best interests would have been a matter for consideration by the Marion County juvenile court.

However, Father was not litigating custody in Marion County when the authority of the Hamilton County court was invoked. Rather, upon Mother's death, Father relinquished his right to physical custody of Child and signed a consent to guardianship (possibly more than one). Despite having acquiesced in the guardianship, he later claimed that the Marion County probate court need conduct no inquiry into Child's best interests. In support of this quest, he contends the Hamilton County Court lacked subject matter jurisdiction and therefore the guardianship pleadings, consent, and order should be declared nullities such that they provide no basis for transfer to an appropriate forum. Unfortunately, Father has confused the legal concepts of subject matter jurisdiction and venue.

In other words, the instant controversy distills to the consequences of improper venue. The filing of a case in a county in which venue does not properly reside does not divest the trial court of subject matter jurisdiction. State ex rel. Knowles v. Elkhart Circuit Court, 256 Ind. 256, 258, 268 N.E.2d 79, 80 (1971). Indiana Code section 29-3-2-2(c) directs that a guardianship proceeding that was commenced in the wrong county may be transferred by the court in which the matter was filed to another court in Indiana. Upon transfer, the receiving court shall complete the proceeding as if it were originally commenced in that court. Id. (emphasis added.)[6] According the statutory language its plain meaning, the use of the word

---

[6] See also Indiana Trial Rule 75(B) (providing that whenever a proceeding is filed which should properly have been filed in another court of this state, and proper objection is made, the court in which such action is filed shall not dismiss the action, but shall order the action transferred to the court in which it should have been

8

"complete" contemplates a continuation of the proceedings. The receiving court is to continue from the current status of the proceedings in the county from which venue is transferred. To refuse to give proper effect to valid existing orders of a sister court would effectively allow an "end run" around lawful orders previously entered concerning the subject matter at issue.

The Hamilton County Superior Court, Probate Division did not lack subject matter jurisdiction to conduct guardianship proceedings. When the court was informed of its lack of proper venue and the Marion County paternity proceedings, the matter was transferred. Upon consolidation in the Marion County Superior Court, Probate Division, it was then incumbent upon the probate court to complete the proceeding. The probate court erred in granting relief from the guardianship order on grounds that the order was void for lack of subject matter jurisdiction.

### Necessity of Hearing

Grandparents also contend that the probate court erred in summarily ordering that physical custody of Child be given to Father. According to Grandparents, the probate court is required to consider Child's best interests and they were afforded no opportunity to present evidence in this regard.

Grandparents maintain that a change of child custody can be ordered only upon a showing that modification is in the best interests of the child and there is a change in a factor that the court may consider. They direct our attention to In re The Matter of the Paternity of

filed).

K.I., 903 N.E.2d 453, 457 (Ind. 2009), wherein a "central issue" was "what standard a trial court should apply when ruling on a parent's petition to modify custody of a child who is already in the custody of a third party." The Court recognized that modification of child custody is to occur only when a party can demonstrate modification is in the child's best interests and there is a substantial change in a factor appropriate for the court's consideration. Id. at 460. However, the Court clarified that the first statutory requirement is essentially met at the outset, as "the parent comes to the table with a strong presumption that a child's interests are best served by placement with the natural parent." Id.

Importantly, the K.I. Court did not summarily dispense with the necessity of inquiry into the child's best interests in a custody dispute between a parent and non-parent, but rather recognized that the trial court must be convinced that placement with a person other than the natural parent represents a substantial and significant advantage to the child. The natural parent must meet a minimal burden of showing a change in a permissible custodial factor, but then the third party must prove by clear and convincing evidence that the child's best interests are substantially and significantly served by placement with another person. Id. at 460-61. "If the third party carries this burden, then custody of the child remains in the third party. Otherwise, custody must be modified in favor of the child's natural parent." Id. at 461.

Father does not directly address K.I., but argues that a hearing is unnecessary because he is automatically entitled to custody of his child upon the death of the other natural parent.[7]

---

[7] At the same time, Father "concedes that if this Court finds that Hamilton County did have subject matter

10

He relies upon Indiana Code section 29-3-3-3, which provides that the parents (or the survivor if one parent is deceased) have, without appointment of a guardian or giving of a bond, or order of court, "the right to custody of the person of the minor." Father does not acknowledge the statutory language making the custodial right subject to exception "as otherwise determined in a dissolution of marriage proceeding, a custody proceeding, or in some other proceeding authorized by law[.]" Id.

The interpretation of a statute is a question of law which we review de novo. Nash v. State, 881 N.E.2d 1060, 1063 (Ind. Ct. App. 2008), trans. denied. The best evidence of legislative intent is the language of the statute, giving all words their plain and ordinary meaning unless otherwise indicated by the statute. Chambliss v. State, 746 N.E.2d 73, 77 (Ind. 2001). We will presume that the legislature intended the language used in the statute to be applied logically and to avoid an unjust or absurd result. Nash, 881 N.E.2d at 1063. Here, we will give effect both to the language providing for custody and the language providing for exceptions. We are not persuaded that the statute under consideration confers upon Father an absolute right to physical custody regardless of a prior order of court.

Father also directs our attention to language of the concurring opinion in In re Paternity of J.A.C., 734 N.E.2d 1057 (Ind. Ct. App. 2000), for the proposition that custody should be immediately returned to the surviving parent when paternity has already been established prior to the death of the custodial parent. The J.A.C. case involved a visitation dispute after a mother's death. A few days before the custodial mother's death, she had, with

---

jurisdiction to issue the Guardianship and remands the case for further findings, an evidentiary hearing on the termination of the guardianship will be necessary." Appellee's Brief at 14.

the father's consent, secured appointment of her sister as her infant's guardian. Id. at 1058. After a bench trial, the father was awarded custody and the maternal aunt was awarded visitation. Id. The father appealed and a panel of this Court reversed the portion of the judgment that provided for visitation rights to the aunt. Id. at 1060.

Judge Robb concurred in the result, observing: "Because Colter is J.C.'s father, J.C. should have been immediately turned over to Colter when Barkdull died. As such, the previous decision of the probate court to appoint Koenig temporary guardian was also in error." Id. at 1060-61. A statement unnecessary in the determination of the issues presented (there, the review of a visitation order) is obiter dictum, not binding, and not law. Henley v. State, 881 N.E.2d 639, 648 (Ind. 2008). We also observe that, nonetheless, the trial court did not dispense with inquiry into the best interests of the child after the father had signed a consent to guardianship; rather, a bench trial was conducted. J.A.C., 734 N.E.2d at 1058.

Ultimately, however, we need not decide whether, upon death of one parent, the surviving parent is entitled to automatic extinguishment of an existing guardianship. Those are not the circumstances of this case. Here, Father relinquished a right to custody of Child immediately upon Mother's death. For reasons not yet developed in a best interests hearing, Father signed – subsequent to Mother's death – a consent to guardianship of Child.[8] As no hearing has been conducted, the record on appeal is devoid of any evidence of changed

_____

[8] Grandparents maintain Father was unable to care for Child while Father maintains he acted under duress in executing a consent to their guardianship. He averred, in a pleading before the Hamilton County court, that he had executed a consent because of Child's need for health insurance coverage. We are not in a position to engage in fact-finding or credibility determinations. It is also unclear whether, in addition to the consent filed by Grandparents, Father signed separate consents in favor of one or both of his parents. According to the advisement of Father's counsel to the probate court on April 8, 2013, the case chronology is incomplete.

12

circumstances. We are not in a position to speculate on potential evidence. As to the law, we are not persuaded that either statutory or common law provides Father, who previously acknowledged that Child needed guardians, an absolute and summary right to custody without a hearing on changed circumstances and best interests.

Reversed and remanded with instructions to conduct a hearing on the best interests of the child.

KIRSCH, J., and BROWN, J., concur.