## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 08 2015, 7:41 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Kent Hull
Indiana Legal Services, Inc.
South Bend, Indiana

ATTORNEYS FOR APPELLEE
ATTORNEY GENERAL OF
INDIANA

Gregory F. Zoeller
Attorney General of Indiana

Kyle Hunter
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Cynthia Liggins, | December 8, 2015 |
| *Appellant-Plaintiff/Counterdefendant,* | Court of Appeals Case No. 71A03-1411-SC-390 |
| v. | Appeal from the St. Joseph Superior Court |
| Ralph Smith and Tammeka Smith, | The Honorable Michael P. Scopelitis, Senior Judge |
| *Appellees-Defendants/Counterplaintiffs* | Trial Court Cause No. 71D01-1406-SC-4656 |
| and | |
| Attorney General of Indiana, | |
| *Appellee-Intervenor* | |

**Crone, Judge.**

# Case Summary

[1] Cynthia Liggins filed a complaint against her landlords, Ralph and Tammeka Smith, who filed a counterclaim against her. After a small claims bench trial, the court found against Liggins and in favor of the Smiths on their counterclaim. Liggins filed a motion to correct error raising several constitutional challenges and claiming that the trial court erred in refusing to allow her ten-year-old son to testify. Her motion was deemed denied.

[2] On appeal, Liggins argues that the trial court erred in denying her motion to correct error. As for her constitutional claims, we conclude that they are waived because she did not raise them at trial. And as for the trial court's refusal to allow her son to testify, we find no reversible error. Therefore, we affirm.

# Facts and Procedural History

[3] Liggins leased a home in South Bend from the Smiths. In June 2014, Liggins filed a complaint against the Smiths in St. Joseph Superior Court, alleging that they breached the lease by failing to provide a habitable rental property. The Smiths filed a counterclaim against Liggins, alleging that she had failed to keep the property in good condition. The case was assigned to a magistrate, and a senior judge held a small claims bench trial in July 2014. All parties appeared pro se. Liggins asked to call her ten-year-old son as a witness, and the senior judge denied her request. The senior judge found against Liggins and in favor

of the Smiths, and the magistrate entered final judgment on their counterclaim for $4392.

[4] Liggins filed a motion to correct error alleging due process, due course of law, and equal protection violations and challenging the constitutionality of the "statute creating" the court. Appellant's App. at 6. She also alleged that the senior judge erred in refusing to allow her son to testify. A magistrate held a hearing on the motion, and the senior judge later issued an order stating that the motion was deemed denied. Liggins filed a notice of appeal from that order. The Smiths did not file an appellees' brief. Pursuant to Indiana Code Section 34-33.1-1-1, the attorney general has intervened for the sole purpose of defending the constitutionality of the statutes at issue.

## Discussion and Decision

[5] Liggins contends that the trial court erred in denying her motion to correct error. "We review a trial court's ruling on a motion to correct error for an abuse of discretion. An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and the circumstances before it or if the court misinterprets the law." *Harris v. Harris*, 31 N.E.3d 991, 995 (Ind. Ct. App. 2015) (citation omitted).

## Section 1 – Liggins's constitutional claims are waived.

[6] In her motion to correct error, Liggins raised several constitutional claims that she did not raise at trial. Our supreme court has stated that "[a] party may not raise an issue for the first time in a motion to correct error[.]" *Troxel v. Troxel*,

737 N.E.2d 745, 752 (Ind. 2000). This applies to constitutional issues as well. *See Shepherd Props. Co. v. Int'l Union of Painters & Allied Trades, Dist. Council 91*, 972 N.E.2d 845, 849 n.3 (Ind. 2012) (declining to address substantive due process claim raised for first time in motion to correct error) (citing *Troxel*). Nevertheless, Liggins argues that an allegedly unconstitutional statute governing the appointment of magistrates implicates the trial court's subject matter jurisdiction, which "cannot be waived or conferred by agreement and can be raised at any time." *In re Adoption of L.T.*, 9 N.E.3d 172, 175 (Ind. Ct. App. 2014).

[7] "Subject matter jurisdiction is the power of a court to hear and decide the general class of actions to which a particular case belongs." *Id*. "An Indiana court obtains subject matter jurisdiction only through the Constitution or a statute." *Id*. St. Joseph Superior Court obtains subject matter jurisdiction through Indiana Code Section 33-29-1.5-2, which provides in pertinent part that all superior courts have "original and concurrent jurisdiction in all civil cases[.]" Consequently, St. Joseph Superior Court had subject matter jurisdiction in Liggins's civil case.

[8] The crux of Liggins's constitutional challenge is Indiana Code Section 33-33-71-69, which provides in pertinent part that the St. Joseph Superior Court "may jointly appoint four (4) full-time magistrates under IC 33-23-5 to serve the court using the selection method provided by IC 36-1-8-10(b)(1) or IC 36-1-8-10(b)(3). Not more than two (2) of the magistrates appointed under this section may be members of the same political party." Liggins argues that this provision is

special legislation that violates Article 4, Section 23 of the Indiana Constitution and thus "the trial court lacked subject matter jurisdiction and its judgment is void." Appellant's Br. at 6.[1] We respectfully disagree.[2] At most, the statute implicates only the magistrates' authority and not the court's subject matter jurisdiction. *See, e.g.*, *Floyd v. State*, 650 N.E.2d 28, 32 (Ind. 1994) ("[I]t has been the long-standing policy of this court to view the authority of the officer appointed to try a case not as affecting the [subject matter] jurisdiction of the court. Therefore, the failure of a party to object at trial to the authority of a court officer to enter a final appealable order waives the issue for appeal."). In sum, then, all of Liggins's constitutional challenges are waived.[3]

## Section 2 – The trial court did not commit reversible error in refusing to hear testimony from Liggins's son.

[9] Liggins also contends that the trial court erred in refusing to allow her son to testify against the Smiths, who did not file a brief. "When an appellee does not submit a brief, we do not undertake the burden of developing arguments for that party." *Destination Yachts, Inc. v. Fine*, 22 N.E.3d 611, 615 (Ind. Ct. App.

---

[1] *See* IND. CONST. art. 4, § 23 ("In all the cases enumerated in the preceding section, and in all other cases where a general law can be made applicable, all laws shall be general, and of uniform operation throughout the State.").

[2] Our analysis presumes that Liggins has standing to bring her constitutional challenge, which the attorney general disputes.

[3] Liggins notes that, unlike litigants in Marion County, she may not seek de novo review of her small claims case in superior court. She asserts that this disparate treatment violates the privileges and immunities clause of Article 1, Section 23 of the Indiana Constitution. We express no opinion on the merits of Liggins's constitutional claims.

2014). "Instead, we apply a less stringent standard of review and may reverse if the appellant establishes *prima facie* error. *Prima facie* error is 'error at first sight, on first appearance, or on the face of it.'" *Id.* at 615-16 (citations omitted).

[10] After the Smiths presented their evidence, Liggins stated that she had "a witness here" to "clarify all the accusations that [are] being made towards me." Tr. at 25. When the trial court asked who the witness was, Liggins replied, "My ten year old son." *Id.* The court stated, "No. I'm not having a ten year old testify, no. Tell me what your ten year old is going to say that you haven't?" *Id.* Liggins replied, "That everything they just said up here is a lie." *Id.*

[11] On appeal, Liggins acknowledges that small claims courts are not bound by the Indiana Rules of Evidence but points out that under Evidence Rule 601, "[e]very person is competent to be a witness except as otherwise provided in these rules or by statute." Even assuming, however, that the trial court erred in excluding her son's testimony, we note that "[w]here wrongfully excluded testimony is merely cumulative of other evidence presented, its exclusion is harmless error." *Spaulding v. Harris*, 914 N.E.2d 820, 830 (Ind. Ct. App. 2009), *trans. denied* (2010). Liggins herself claimed that the Smiths were lying, and her son's testimony would not have shed further light on the issue. The trial court did not abuse its discretion in denying Liggins's motion to correct error. Therefore, we affirm.

Affirmed.

Vaidik, C.J., and Bailey, J., concur.