

I N   T H E

# Court of Appeals of Indiana

Emily Tingley,

*Appellant-Defendant*

v.

First Financial Bank, As Trustee of Land Trust No.428,

*Appellee-Plaintiff*



FILED

Apr 01 2024, 10:37 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

---

April 1, 2024

Court of Appeals Case No.
23A-PL-1226

Appeal from the Vigo Superior Court

The Honorable Lakshmi Y. Reddy, Judge

Trial Court Cause No.
84D02-2302-PL-001232

---

**Opinion by Judge Felix**
Judges Crone and Brown concur.

**Felix, Judge.**

## Statement of the Case

Emily Tingley (nee Snedeker) filed a complaint for declaratory action against First Financial Bank ("First Financial") as Trustee of Land Trust No. 428, a land trust created in Illinois. Tingley's complaint sought to enforce a term of the trust document regarding the sale of the trust res and distribution of the proceeds to the trust's beneficiaries. The trial court granted First Financial's Trial Rule 12(B)(1) motion to dismiss the complaint. Tingley presents three issues on appeal, which we consolidate and restate as whether the trial court erred when it granted First Financial's motion to dismiss.

We reverse and remand.

## Facts and Procedural History

On March 22, 2002, First National Bank of Marshall, Illinois ("FNB") and several individuals executed a trust agreement ("Trust Document") for an Illinois land trust[1] ("Trust No. 428"). Trust No. 428 document provides in relevant part:

---

[1] The term "'Illinois' land trust" describes a particular type of land trust first developed by court decision in Illinois in which a trustee of land "holds both legal and equitable title to the real estate but has no duties or powers other than to convey, mortgage, lease or otherwise deal with the property on the beneficiary's direction." Bogert's The Law of Trusts and Trustees § 249 (June 2023 Update). The use of the state name indicates the type of trust based on its origin, not where any party or res of the trust is located. *See, e.g.*, *Brigham v. Brigham*, 11 So.3d 374, 384 (Fla. Dist. Ct. App. 2009) (real estate in North Carolina and Florida placed in two "Illinois Land Trusts"), *rev. denied*; *In re Eastmare Dev. Corp.*, 150 B.R. 495, 501 (Bankr. E.D. Mass. 1993) ("Illinois land trusts are similar to the nominee trusts prevalent in Massachusetts.").

THIS TRUST AGREEMENT dated this 22nd day of March, 2002, and known as Trust Number 428, is to certify that FIRST NATIONAL BANK OF MARSHALL, MARSHALL, ILLINOIS 62441, a Corporation organized and existing under and by virtue of the National Banking Laws of the United States of America and qualified to act as Trustee under the laws of the State of Illinois, as Trustee hereunder, is about to take title to the following described real estate in Clark County, Illinois, to-wit:

[legal descriptions for six parcels of land]

and that when it has taken the title thereto, or to any other real estate deeded to it as Trustee hereunder, it will hold it for the uses and purposes and upon the trusts herein set forth. The following named persons shall be entitled to the earnings, avails and proceeds of said real estate according to the respective interests herein set forth, to-wit:

(1) ELVIA T. MURPHY, an undivided one-fourth (1/4) interest;

(2) BETTY L. TURNER, an undivided one-fourth (1/4) interest;

(3) JERALD M. TARBLE, an undivided one-eighth (1/8) interest;

(4) JOHN F. TARBLE, an undivided one-eighth (1/8) interest;

(5) RONALD D. MURPHY, an undivided one-eighth (1/8) interest;

(6) VAN M. SNEDEKER, an undivided three[]sixty[-]fourths (3/64) interest;

(7) FLOSSIE L. LAWRENCE, an undivided three[]sixty[-]fourths (3/64) interest;

(8) MELISSA S. CREECH, an undivided one[]sixty[-]fourth[] (1/64) interest;

(9) MICHAEL N. BUMPUS, an undivided one[]sixty[-]fourth[] (1/64) interest.

IT IS UNDERSTOOD AND AGREED between the parties hereto, and by any person or persons who may become entitled to any interest under this trust, that the interest of any beneficiary hereunder shall consist solely of a power of direction to deal with the title or said property and to manage and control said property as hereinafter provided, and the right to receive the proceeds from rentals and from mortgages, sales or other disposition of said premises, and that such right in the avails of said property shall be deemed to be personal property, . . . ; and that no beneficiary now has, and that no beneficiary hereunder at any time shall have, any right, title or interest in or to any portion of said real estate as such, either legal or equitable, but only an interest in the earnings, avails and proceeds as aforesaid. . . .

* * *

Every successor Trustee or Trustees appointed hereunder shall become fully vested with all the estate, properties, rights, powers, trusts, duties and obligations of its, his or their predecessor.

It is understood and agreed by the parties hereto and by any person who may hereafter become a party thereto, that said FIRST NATIONAL BANK OF MARSHALL, MARSHALL, ILLINOIS 62441, will deal with said real estate only when authorized to do so in writing and that (notwithstanding any

change in the beneficiary or beneficiaries hereunder) it will be on the written direction of (1) ELVIA T. MURPHY; in the event of her death or inability to act, her son, (2) JOHN P. MURPHY, or (3) such other person or persons as shall be, from time to time, named in writing by a majority of the beneficiaries, or on the written direction of such person or persons as may be beneficiary or beneficiaries at the time, make deeds for, or otherwise deal with the title to said real estate, provided, however, that the Trustee shall not be required to enter into any personal obligation or liability in dealing with said land or to make itself liable for any damages, costs, expenses, fines or penalties, or to deal with the title so long as any money is due to it hereunder. Otherwise, the Trustee shall not be required to inquire into the propriety of any such direction.

The beneficiary or beneficiaries hereunder, in his, her, or their own right, shall have the management of said property and control of the selling, renting and handling thereof, and shall collect and handle the rents, earnings, avails and proceeds thereof, and said Trustee shall have no duty in respect to such management or control, or the collection, handling or application of such rents, earnings, avails or proceeds, or in respect to the payment of taxes or assessments or in respect to insurance, litigation or otherwise, except on written direction as hereinabove provided, and after the payment to it of all money necessary to carry out said instructions. No beneficiary hereunder shall have any authority to contract for or in the name of the Trustee or to bind the Trustee personally. If any property remains in this trust twenty years from this date, it shall be sold at public sale by the Trustee on reasonable notice, and the proceeds of the sale shall be divided among those who are entitled thereto under this agreement.

Appellant's App. Vol. II at 8–9 (emphasis in original).

On July 8, 2002, the beneficiaries transferred to FNB as trustee (the "Trustee") title to six parcels identified in the Trust Document. The beneficiaries who were parties to the original Trust Document were residents of Illinois (six), Indiana (one), Arizona (one), and Colorado (one). The beneficiaries who have held the power of direction have always been Illinois residents. Tingley is a successor beneficiary to one of the original beneficiaries of Trust No. 428, Van M. Snedeker of Marshall, Illinois. Sometime after the formation of Trust No. 428, First Financial acquired FNB. First Financial is headquartered in Terre Haute, Indiana.

On February 28, 2023, Tingley filed the declaratory judgment action underlying this appeal (the "Indiana Case"). In the Indiana Case, Tingley seeks to enforce certain terms in the Trust Document, including the provision requiring the public sale of Trust No. 428 res (real estate) 20 years from the creation of the trust and distribution of the sale proceeds to the beneficiaries.

On March 20, 2023, First Financial filed a complaint for declaratory judgment in Clark County, Illinois, seeking to resolve allegedly contradictory directives under the Trust Document, namely, the requirement that the Trustee take instruction only from the beneficiary with the power of direction, currently John P. Murphy, versus the requirement to sell the real estate in Trust No. 428 in light of the expiration provision in the Trust Document. Also on March 20, First Financial filed in the Indiana Case a motion to dismiss along with a supporting brief, requesting dismissal of the Indiana Case under Indiana Trial

Rule 12(B)(1) for lack of subject matter jurisdiction.[2] With the motion, First Financial submitted the affidavit of Shannon McMasters (the "Affidavit"), a First Financial employee in the Marshall branch previously known as FNB. The Affidavit provides, in relevant part, that McMasters is the Illinois Trust Manager for First Financial, whose office is in Illinois; McMasters is the account administrator for Trust No. 428; Trust No. 428 "is administered here in [McMasters's] office in the State of Illinois," Appellant's App. Vol. II at 20; all records for Trust No. 428 are located and maintained in Illinois; and the beneficiary with the power to direct the Trustee is located and resides in Illinois. On April 24, Tingley filed her response in objection to the motion, and, on May 9, 2023, First Financial filed its reply. On May 11, the trial court granted First Financial's motion to dismiss Tingley's complaint. Tingley now appeals.

## Discussion and Decision

[7] In this appeal, we consider whether the trial court's general judgment granting First Financial's Trial Rule 12(B)(1) motion to dismiss should be reversed. We initially observe "jurisdiction" issues can be complex. For instance, we used to refer to jurisdiction as having three parts: subject matter jurisdiction, personal jurisdiction, and jurisdiction over a particular case. *See, e.g.*, *Adler v. Adler*, 713 N.E.2d 348, 352 (Ind. 1999); *Troxel v. Troxel*, 737 N.E.2d 745, 749 (Ind. 2000); *Harp v. Ind. Dep't of Highways*, 585 N.E.2d 652, 659 (Ind. Ct. App. 1992). In

---

[2] First Financial concedes personal jurisdiction. Appellee's Br. at 7.

these three cases, we considered whether the legal error at issue had deprived the trial court of jurisdiction, calling this "jurisdiction over a particular case." *See, e.g.*, *Adler*, 713 N.E.2d at 352–53 (considering argument that post-dissolution court lacked jurisdiction over the case because the trust at issue was not marital property); *Troxel*, 737 N.E.2d at 749 ("judgment rendered by a court without jurisdiction to hear that particular case is not void, but merely voidable"); *but see Harp*, 585 N.E.2d at 659 (distinguishing motion to dismiss for lack of subject matter jurisdiction from lack of jurisdiction over a particular case).

[8] Our Supreme Court corrected the approach to jurisdiction in *K.S. v. State*, noting that "[a]ttorneys and judges alike frequently characterize a claim of procedural error as one of jurisdictional dimension." 849 N.E.2d 538, 541 (Ind. 2006). The Court clarified that referring to "jurisdiction over a particular case" as a type of jurisdiction is a "misnomer," *Packard v. Shoopman*, 852 N.E.2d 927, 929–30 (Ind. 2006) (quoting *K.S.*, 849 N.E.2d at 540), because such "confuse[s] actual jurisdiction with legal error," *K.S.*, 849 N.E.2d at 540.

[9] A review of Indiana case law also reveals difficulty distinguishing between subject matter jurisdiction and venue. *See, e.g.*, *M.H. v. State*, 207 N.E.3d 412, 421–22 (Ind. 2023) ("State's theory improperly conflates venue and jurisdiction"); *Kornman v. Bowling*, No. 23A-MI-1740, slip op., 2024 WL 561948 at *3 n.1 (Ind. Ct. App. Feb. 13, 2024) (citing *In re Adoption of L.T.*, 9 N.E.3d 172 (Ind. Ct. App. 2014)) ("In their briefs, Parents repeatedly conflate

the issues of standing, subject matter jurisdiction, and venue."), *reh'g pending*.[3] When the underlying facts involve a trust, in which parties and trust property may be in more than one state, questions regarding jurisdiction can be even more complex. *See* G. Van Ingen, Annotation, *Jurisdiction of Suit Involving Trust as Affected by Location of Res, Residence of Parties to Trust, Service, and Appearance*, 15 A.L.R.2d 610 § 2 (1951) (noting that a court's authority over a case involving a trust "may present problems of considerable complexity," albeit discussed in terms of the now disapproved reference to jurisdiction over a particular case). Here, we consider whether the trial court erred when it granted First Financial's motion to dismiss for lack of subject matter jurisdiction under Trial Rule 12(B)(1).

### Standard of Review

[10] Tingley contends that the trial court erred when it granted First Financial's Trial Rule 12(B)(1) motion to dismiss her complaint. "The standard of review for a trial court's grant or denial of a [Trial Rule] 12(B)(1) motion to dismiss for lack of subject matter jurisdiction is 'a function of what occurred in the trial court.'" *Berry v. Crawford*, 990 N.E.2d 410, 414 (Ind. 2013) (quoting *GKN Co. v. Magness*, 744 N.E.2d 397, 401 (Ind. 2001)). Where the facts before the trial court are not in dispute, the question of subject matter jurisdiction is one of law and we review the trial court's ruling de novo. *Id.* (citing *GKN Co.*, 744 N.E.2d

---

[3] On February 15, 2024, Tingley submitted *Kornman v. Bowling* as additional authority, and First Financial filed no objection. At the time of this opinion, a timely petition for rehearing was pending.

at 401).  Likewise, when reviewing a final judgment, we review all conclusions of law de novo.  *Id.* (citing *Ind. Dep't of Ins. v. Everhart*, 960 N.E.2d 129, 133 (Ind.2012)).

> However, where the facts are in dispute but the trial court rules on a paper record without conducting an evidentiary hearing, then no deference is afforded the trial court's factual findings or judgment because under those circumstances a court of review is "in as good a position as the trial court to determine whether the court has subject matter jurisdiction."

*GKN Co.*, 744 N.E.2d at 401 (quoting *MHC Surgical Ctr. Assocs. v. State Off. of Medicaid Pol'y & Plan.*, 699 N.E.2d 306, 308 (Ind. Ct. App. 1998)).

[11]    The trial court entered a general judgment granting First Financial's motion for dismissal under Trial Rule 12(B)(1) based on the court's review of a paper record.  The record included the Affidavit[4] purporting to show that Trust No. 428 is administered in Illinois, not Indiana.  Although the trial court's order does not state the analysis or reason for its conclusion that it lacked subject matter jurisdiction, the question of where Trust No. 428 is administered was at the heart of First Financial's motion to dismiss.  *See* Appellant's App. Vol. II at 16–18, 20.  Therefore, because the trial court ruled on First Financial's motion

---

[4] Reliance on evidence outside the pleadings does not convert a Trial Rule 12(B)(1) motion to dismiss to a Trial Rule 56 motion for summary judgment because a Trial Rule 56 motion necessarily assumes the trial court has jurisdiction to enter such a judgment. *See Boyer v. Smith*, 42 N.E.3d 505, 508 (Ind. 2015) (quoting *Perry v. Stitzer Buick GMC, Inc.*, 637 N.E.2d 1282, 1286 (Ind. 1994)) ("summary judgment is ill-suited for jurisdictional challenges"); *Foshee v. Shoney's, Inc.*, 637 N.E.2d 1277, 1280 (Ind. 1994) (citing *Perry*, 637 N.E.2d at 1286) ("[S]ummary judgment is a decision on the merits which merges or bars the action for res judicata purposes and which may not be rendered by a court that itself lacks subject matter jurisdiction.").

without holding a hearing but on a matter that involved a question of fact, we review de novo the trial court's grant of the motion to dismiss, *see GKN Co.*, 744 N.E.2d at 401 (quoting *MHC Surgical Ctr. Assocs.*, 699 N.E.2d at 308, and "we will affirm on any legal theory the evidence of record supports," *Gardner v. Anonymous Physician*, 222 N.E.3d 1062, 1066 (Ind. 2023) (citing *GKN Co.*, 744 N.E.2d at 401).

### *The Trial Court Had Subject Matter Jurisdiction over Tingley's Complaint*

[12]     "The challenger of subject matter jurisdiction has the burden of establishing lack of jurisdiction." *Brenner v. All Steel Carports, Inc.*, 122 N.E.3d 872, 878 (Ind. Ct. App. 2019) (citing *GKN Co.*, 744 N.E.2d at 404)).  "In determining whether a court has subject-matter jurisdiction, we ask whether the action or claim falls within the general scope of authority conferred upon the court by the constitution or by statute." *Payne-Elliott v. Roman Cath. Archdiocese of Indianapolis, Inc.*, 193 N.E.3d 1009, 1013 (Ind. 2022) (citing *State v. Reinhart*, 112 N.E.3d 705, 711–12 (Ind. 2018)).  "Lack of [subject matter] jurisdiction cannot be waived, and we would be obliged to address it ourselves without prompting if [subject matter] jurisdiction were absent." *Price v. Ind. Dep't of Child Servs.*, 80 N.E.3d 170, 173 (Ind. 2017).

[13]     Subject matter jurisdiction is the constitutional power of a court "to hear and determine cases of the general class to which a particular proceeding belongs." *K.S.*, 849 N.E.2d at 540 (Ind. 2006).  Indiana superior courts, such as the trial court that granted the motion to dismiss in this case, have "original and concurrent jurisdiction in all civil cases . . . ."  Ind. Code § 33-28-1-2(a)(2).  This

jurisdiction includes declaratory judgment actions. *See* I.C. § 34-14-1-1. Indiana superior courts also have statutory authority to determine issues regarding trusts pursuant to the Indiana Trust Code, Indiana Code sections 30-4-1-1 to 30-4-10-60 (the "Trust Code"). Tingley's complaint falls in the general classes of cases involving civil actions, a request for declaratory relief, and for the enforcement of terms in a Trust Document. As such, the trial court had subject matter jurisdiction over Tingley's complaint and erred when it granted First Financial's motion to dismiss pursuant to Trial Rule 12(B)(1).

[14]     Tingley and First Financial each cite *In re Alford*, 897 N.E.2d 946 (Ind. Ct. App. 2008), *trans. denied*, and Indiana Code section 30-4-6-3 in support of their respective arguments. In *Alford*, a trust beneficiary's guardian sought to remove the trustee and compel an accounting of a testamentary trust created in Indiana but exclusively administered in Virginia by a Virginia resident, who also maintained all trust records there. 897 N.E.2d at 946–48. Relying in part on trust document language naming the Virginia resident as trustee, the majority held that the Indiana court lacked subject matter jurisdiction and affirmed the trial court's dismissal of the case under Trial Rule 12(B)(1). *Id.* at 951. The dissent disagreed, finding both subject matter and personal jurisdiction. *Id.* at 952, 954 (Brown, J., dissenting). Although our reasoning differs slightly, we agree with the dissent's general approach to the question of subject matter jurisdiction. *See id.* at 952 (Brown, J., dissenting) (concluding that the trust document did not establish jurisdiction in the Marion County Probate Court

but "that is not to say that the parties *could not* bring an action related to the trust in the Marion County probate court") (emphasis in original).

[15] Both parties also made arguments under Indiana Code section 30-4-6-3 of the Trust Code. However, that statute does not speak to subject matter jurisdiction but, rather, establishes preferred venue within Indiana for cases arising under the Trust Code. *See In re Trust Created Under Agreement Dated Sept. 19, 1983, by Johnson*, 469 N.E.2d 768, 772 (Ind. Ct. App. 1984) (applying Ind. Trial Rule 76(A)(8) and I.C. § 30-4-6-3 in trust dispute to determined "preferred venue" among Indiana courts). In other words, the Trust Code venue statute does not implicate any Indiana trial court's s authority to hear and determine cases. *See id*. Even if the statute established preferred venue in another Indiana court, such would not divest the trial court in the present case of subject matter jurisdiction. *See In re Guardianship of A.E.R.*, 184 N.E.3d 629, 637 n.2 (Ind. Ct. App. 2022 (citing *In re. Adoption of L.T.*, 9 N.E.3d 172, 177 (Ind. Ct. App. 2014)). Because Indiana Code section 30-4-6-3 pertains to venue and not subject matter jurisdiction, the statute has no bearing on whether the trial court erred in dismissing Tingley's complaint under Trial Rule 12(B)(1). We conclude that the trial court erred when it granted First Financial's motion to dismiss filed under Trial Rule 12(B)(1).

## Conclusion

[16] The trial court's grant of First Financial's motion to dismiss under Trial Rule 12(B)(1) was error because the court has subject matter jurisdiction over the

class of case at issue.[5]  Therefore, we reverse the order dismissing Tingley's complaint and remand for further proceedings.

Reversed and remanded.

Crone, J., and Brown, J., concur.

ATTORNEYS FOR APPELLANT

Jeffrey B. Kolb
Charles E. Traylor
Kolb Roellgen & Traylor LLP
Vincennes, Indiana

Abraham L. Ramsey
Certified Legal Intern
Bloomington, Indiana

ATTORNEYS FOR APPELLEE

Jeffry A. Lind
Lind & Felling
Terre Haute, Indiana

Darrell E. Felling, II
Lind & Felling
Greencastle, Indiana

---

[5] This decision is limited to whether dismissal is appropriate under Trial Rule 12(B)(1) and does not contemplate whether dismissal may be appropriate under other theories.